DENNIS F. MORIARTY     (BAR NO. 37612)
STEPHEN L. DAHM        (BAR NO. 114745)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile: (415) 391-4626
5055-3-10-15
Attorneys for Defendant,
CHRISTINA SANCHEZ

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RONSIN PHOTOCOPY, INC., a California Corporation; CHRISTINA SANCHEZ, an individual; and DOES 1-10<br><br>Defendants.<br><br>CHRISTINA SANCHEZ, an individual,<br><br>Cross-Claim Plaintiff,<br><br>vs.<br><br>RONSIN PHOTOCOPY, INC., a California corporation,<br><br>Cross-Claim Defendant. | Case No. C 07 5242 PJH<br><br>**ANSWER TO COMPLAINT AND CROSS-CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant CHRISTINA SANCHEZ ("Sanchez" or "Defendant") hereby answers the Complaint filed by Plaintiff SECOND IMAGE, INC. ("Second Image" or "Plaintiff") as follows:

1

### INTRODUCTION AND PARTIES

2       1.     Answering paragraph 1 of the Complaint, Defendant admits this is a civil

3 action under the Computer Fraud and Abuse Act and the Lanham Act, 18 U.S.C. § 1030 and

4 15 U.S.C. 1125(a), and also under California statutory and common law. Defendant denies

5 the remaining allegations in Paragraph 1.

6       2.     Answering Paragraph 2 of the Complaint, Defendant lacks the knowledge or

7 information sufficient to form a belief as to the allegations in Paragraph 2, and on that basis,

8 denies each and every allegation therein.

9       3.     Answering Paragraph 3 of the Complaint, Defendant lacks the knowledge or

10 information sufficient to form a belief as to the allegations in Paragraph 3, and on that basis,

11 denies each and every allegation therein.

12       4.     Answering Paragraph 4 of the Complaint, Defendant denies each and every

13 allegation contained therein.

14       5.     Answering Paragraph 5 of the Complaint, Defendant lacks the knowledge or

15 information sufficient to form a belief as to the allegations in Paragraph 5, and on that basis,

16 denies each and every allegation therein.

17       6.     Answering Paragraph 6 of the Complaint, Defendant denies each and every

18 allegation contained therein.

19

### JURISDICTION AND VENUE

20       7.     Answering Paragraph 7 of the Complaint, Defendant admits that Plaintiff

21 purports to base jurisdiction on 18 U.S.C. § 1030, § 43(a) of the Lanham Act, 15 U.S.C. §

22 1125(a), and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant denies the

23 remaining allegations in Paragraph 7.

24       8.     Answering Paragraph 8 of the Complaint, Defendant lacks the knowledge or

25 information sufficient to form a belief as to the allegations contained in Paragraph 8, and on

26 that basis, denies each and every allegation therein.

27       9.     Answering Paragraph 9, Defendant admits to being a resident of the State of

28 California. Defendant denies the remaining allegations in Paragraph 9.

1        10.    Answering Paragraph 10 of the Complaint, Defendant lacks the knowledge or

2    information sufficient to form a belief as to the allegations in Paragraph 10, and on that basis,

3    denies each and every allegation therein.

4                                 ***INTRADISTRICT ASSIGNMENT***

5        11.    Answering Paragraph 11 of the Complaint, Defendant lacks the knowledge or

6    information sufficient to form a belief as to the allegations in Paragraph 11, and on that basis

7    denies each and every allegation therein.

8                                    ***GENERAL ALLEGATIONS***

9        12.    Answering Paragraph 12 of the Complaint, Defendant admits Second Image is

10   a professional photocopier which prepares and serves document subpoenas and duplicates

11   and distributes medical records. Except as expressly admitted, Defendant lacks the

12   knowledge or information sufficient to form a belief as to the remaining allegations in

13   Paragraph 12, and on that basis, denies each and every allegation therein.

14       13.    Answering Paragraph 13 of the Complaint, Defendant admits that Second

15   Image handles confidential documents, including subpoenaed medical records, which should

16   be available only to authorized parties. Except as expressly admitted, Defendant lacks the

17   knowledge or information sufficient to form a belief as to the remaining allegations in

18   Paragraph 13, and on that basis, denies the remaining allegations therein.

19       14.    Answering Paragraph 14 of the Complaint, Defendant admits Plaintiff hosts a

20   website which is accessible by entering a user name and password. Except as expressly

21   admitted, Defendant lacks the knowledge or information sufficient to form a belief as to the

22   remaining allegations in Paragraph 14, and on that basis, denies the remaining allegations

23   therein.

24       15.    Answering Paragraph 15 of the Complaint, Defendant lacks the knowledge or

25   information sufficient to form a belief as to the allegations in Paragraph 15, and on that basis,

26   denies each and every allegation contained therein.

27       16.    Answering Paragraph 16 of the Complaint, Defendant admits that access to

28   Plaintiff's website requires a user name and password. Except as expressly admitted,

Defendant lacks the knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 16, and on that basis, denies the remaining allegations therein.

17.    Answering Paragraph 17 of the Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 17, and on that basis, denies each and every allegation contained therein.

18.    Answering Paragraph 18 of the Complaint, Defendant admits on or about January 19, 2005, a representative of Plaintiff signed up Defendant as a user of Plaintiff's services. Defendant admits receiving an email subsequent to the date she was signed up as a user of Plaintiff's services. Except as expressly admitted, Defendant lacks the knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18, and on that basis, denies the remaining allegations therein.

19.    Answering Paragraph 19 of the Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 19, and on that basis, denies each and every allegation therein.

### *DEFENDANTS' CONSPIRACY AND WRONGFUL ACTS*

20.    Answering Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21.    Answering Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22.    Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23.    Answering Paragraph 23 of the Complaint, Defendant denies each and every allegation contained therein.

### *FIRST CAUSE OF ACTION*

### *(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030)*

24.    Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 23 of the Complaint.

25.    Answering Paragraph 25 of the Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 25, and on that basis, denies each and every allegation contained therein.

26.    Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contained therein.

27.    Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation contained therein.

28.    Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contained therein.

29.    Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

### (Willful Misappropriation of Trade Secrets)

30.    Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 29 of the Complaint.

31.    Answering Paragraph 31 of the Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 31, and on that basis, denies each and every allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, Defendant denies each and every allegation contained therein.

33.    Answering Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34.    Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35.    Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36.    Answering Paragraph 36 of the Complaint, Defendant denies each and every allegation contained therein.

1    37.    Answering Paragraph 37 of the Complaint, Defendant denies each and every

2 allegation contained therein.

3                              **THIRD CAUSE OF ACTION**

4    ***(Federal Unfair Competition Comprising False and Misleading Statements of Fact Under***

5    ***Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))***

6    38.    Defendant realleges and incorporates by reference, as though fully set forth

7 herein, the responses to the allegations made in Paragraphs 1 through 37 of the Complaint.

8    39.    Answering Paragraph 39 of the Complaint, Defendant denies each and every

9 allegation contained therein.

10    40.    Answering Paragraph 40 of the Complaint, Defendant denies each and every

11 allegation contained therein.

12    41.    Answering Paragraph 41 of the Complaint, Defendant denies each and every

13 allegation contained therein.

14                              **FOURTH CAUSE OF ACTION**

15                    ***(Intentional Interference With Contractual Relations)***

16    42.    Defendant realleges and incorporates by reference, as though fully set forth

17 herein, the responses to the allegations made in Paragraphs 1 through 41 of the Complaint.

18    43.    Answering Paragraph 43 of the Complaint, Defendant denies each and every

19 allegation contained therein.

20    44.    Answering Paragraph 44 of the Complaint, Defendant denies each and every

21 allegation contained therein.

22    45.    Answering Paragraph 45 of the Complaint, Defendant denies each and every

23 allegation contained therein.

24    46.    Answering Paragraph 46 of the Complaint, Defendant denies each and every

25 allegation contained therein.

26 / / /

27 / / /

28 / / /

1

2

### *FIFTH CAUSE OF ACTION*

### *(Intentional Interference With Prospective Economic Advantage)*

3        47.    Defendant realleges and incorporates by reference, as though fully set forth

4    herein, the responses to the allegations made in Paragraphs 1 through 46 of the Complaint.

5        48.    Answering Paragraph 48 of the Complaint, Defendant denies each and every

6    allegation contained therein.

7        49.    Answering Paragraph 49 of the Complaint, Defendant denies each and every

8    allegation contained therein.

9        50.    Answering Paragraph 50 of the Complaint, Defendant denies each and every

10   allegation contained therein.

11       51.    Answering Paragraph 51 of the Complaint, Defendant denies each and every

12   allegation contained therein.

13

### *SIXTH CAUSE OF ACTION*

14

### *(Defamation)*

15       52.    Defendant realleges and incorporates by reference, as though fully set forth

16   herein, the responses to the allegations made in Paragraphs 1 through 51 of the Complaint.

17       53.    Answering Paragraph 53 of the Complaint, Defendant denies each and every

18   allegation contained therein.

19       54.    Answering Paragraph 54 of the Complaint, Defendant denies each and every

20   allegation contained therein.

21       55.    Answering Paragraph 55 of the Complaint, Defendant denies each and every

22   allegation contained therein.

23       56.    Answering Paragraph 56 of the Complaint, Defendant denies each and every

24   allegation contained therein.

25       57.    Answering Paragraph 57 of the Complaint, Defendant denies each and every

26   allegation contained therein.

27       58.    Answering Paragraph 58 of the Complaint, Defendant denies each and every

28   allegation contained therein.

59.    Answering Paragraph 59 of the Complaint, Defendant denies each and every allegation contained therein.

60.    Answering Paragraph 60 of the Complaint, Defendant denies each and every allegation contained therein.

61.    Answering Paragraph 61 of the Complaint, Defendant denies each and every allegation contained therein.

### SEVENTH CAUSE OF ACTION

*(Computer Fraud Under the Comprehensive Computer Data and Access Act, California Penal Code § 502(c))*

62.    Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 61 of the Complaint.

63.    Answering Paragraph 63 of the Complaint, Defendant denies each and every allegation contained therein.

64.    Answering Paragraph 64 of the Complaint, Defendant denies each and every allegation contained therein.

65.    Answering Paragraph 65 of the Complaint, Defendant denies each and every allegation contained therein.

66.    Answering Paragraph 66 of the Complaint, Defendant denies each and every allegation contained therein.

67.    Answering Paragraph 67 of the Complaint, Defendant denies each and every allegation contained therein.

### EIGHTH CAUSE OF ACTION

*(Trespass to Chattels)*

68.    Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 67 of the Complaint.

69.    Answering Paragraph 69 of the Complaint, Defendant denies each and every allegation contained therein.

/ / /

-8-

ANSWER TO COMPLAINT AND CROSS-CLAIMS

70.    Answering Paragraph 70 of the Complaint, Defendant denies each and every allegation contained therein.

71.    Answering Paragraph 71 of the Complaint, Defendant denies each and every allegation contained therein.

### NINTH CAUSE OF ACTION

### (Negligence)

72.    Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 71 of the Complaint.

73.    Answering Paragraph 73 of the Complaint, Defendant denies each and every allegation contained therein.

74.    Answering Paragraph 74 of the Complaint, Defendant denies each and every allegation contained therein.

75.    Answering Paragraph 75 of the Complaint, Defendant denies each and every allegation contained therein.

76.    Answering Paragraph 76 of the Complaint, Defendant denies each and every allegation contained therein.

### PRAYER

Defendant further denies Plaintiff is entitled to the relief requested in the Prayer section of the Complaint.

### AFFIRMATIVE DEFENSES

For her further and separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

77.    Plaintiff's claims for relief and each and every one of its allegations, fail to state a claim upon which relief may be granted against Defendant.

///

///

### *SECOND AFFIRMATIVE DEFENSE*

### *(Estoppel)*

78.    Plaintiff's claim for relief is barred, in whole or in part, by the equitable doctrine of estoppel.

### *THIRD AFFIRMATIVE DEFENSE*

### *(Laches)*

79.    Plaintiff unduly delayed in asserting its rights, and therefore its claim for relief is barred, in whole or in part, by the equitable doctrine of laches.

### *FOURTH AFFIRMATIVE DEFENSE*

### *(Unclean Hands)*

80.    Plaintiff's claim for relief is barred, in whole or in part, by the equitable doctrine of unclean hands.

### *FIFTH AFFIRMATIVE DEFENSE*

### *(Fair Use)*

81.    Defendant's use, if any, of Plaintiff's alleged trade secrets constituted fair use of the alleged trade secrets by Defendant or criticism, comment, news reporting, teaching, scholarship or research.

### *SIXTH AFFIRMATIVE DEFENSE*

### *(Invalid Unregistered Trademarks)*

82.    Plaintiff's alleged unregistered trademarks are invalid because they are, or have become, generic, descriptive or deceptive.

### *SEVENTH AFFIRMATIVE DEFENSE*

### *(Concurrent Use)*

83.    Plaintiff's alleged trademarks are merely descriptive, and Plaintiff has not established a secondary meaning for its alleged trademarks.

/ / /

/ / /

/ / /

*EIGHTH AFFIRMATIVE DEFENSE*

*(Abandonment of Trademark)*

84.    Defendant alleges Plaintiff abandoned any right it had to exclusive use of any trademarks alleged in the Complaint.

*NINTH AFFIRMATIVE DEFENSE*

*(Generic Trademarks)*

85.    Defendant alleges the trademarks alleged by Plaintiff in the Complaint are generic and are in common use in the relevant trade or industry.

*TENTH AFFIRMATIVE DEFENSE*

*(Lack of Distinctiveness)*

86.    Defendant alleges Plaintiff's alleged trademarks are invalid because they lack distinctiveness.

*ELEVENTH AFFIRMATIVE DEFENSE*

*(Act Committed by a Person Within the Scope of His or Her Lawful Employment)*

87.    The acts alleged by the Plaintiff were committed by Defendant within the scope of Defendant's lawful employment, in that Defendant was performing acts which were reasonably necessary to the performance of her work assignment.

*TWELFTH AFFIRMATIVE DEFENSE*

*(Statutes of Limitation)*

88.    The Complaint, and each and every cause of action and part thereof is barred by each applicable statute of limitations, including, but not limited to 18 U.S.C. § 1030(g); California Civil Code § 3426.6; California Code of Civil Procedure § 338(a); California Code of Civil Procedure § 339; California Code of Civil Procedure § 340; California Penal Code § 502(e)(5); California Code of Civil Procedure § 338(c); California Code of Civil Procedure § 340(c); and California Code of Civil Procedure § 343.

/ / /

/ / /

/ / /

### *THIRTEENTH AFFIRMATIVE DEFENSE*

#### *(Failure to Mitigate Damages)*

89.    Plaintiff's claim for relief is barred, in whole or in part, because Plaintiff has failed to mitigate its damages.

### *FOURTEENTH AFFIRMATIVE DEFENSE*

#### *(Contributory Negligence)*

90.    Plaintiff's claim for relief is barred, in whole or in part, because Plaintiff was itself negligent or in some fashion responsible for its alleged injuries and damages, and Defendant is entitled to have the amount of her liability, if any, eliminated or reduced by the amount of Plaintiff's fault and liability for its injuries and damages.

### *FIFTEENTH AFFIRMATIVE DEFENSE*

#### *(Constitutional Defenses Against Punitive Damages)*

91.    Plaintiff's claim for punitive or exemplary damages is barred by the due process clause, the unlawful takings clause, the cruel and unusual punishment clause, and by any and all other applicable sections and portions of the California Constitution and the United States Constitution..

### *SIXTEENTH AFFIRMATIVE DEFENSE*

#### *(Privilege as to Statements Made by Defendant)*

92.    Defendant alleges any statements made by Defendant regarding Plaintiff were privileged.

### *SEVENTEENTH AFFIRMATIVE DEFENSE*

#### *(Constitutionally Protected Speech)*

93.    Defendant alleges any statements she made regarding Plaintiff were constitutionally protected free speech or conduct.

### *EIGHTEENTH AFFIRMATIVE DEFENSE*

#### *(Truth of Allegedly Defamatory Statements)*

94.    Defendant alleges any allegedly defamatory statements she made regarding the Plaintiff were true.

### NINTEENTH AFFIRMATIVE DEFENSE

#### (Consent to Statements)

95.    Defendant alleges Plaintiff consented to any allegedly defamatory statements made by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Privileged Publications or Broadcasts)

96.    Defendant alleges that any allegedly defamatory statements were privileged under California Civil Code § 47(c).

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Constitutionally Protected Speech or Conduct)

97.    Defendant alleges any allegedly defamatory statements were constitutionally protected speech or conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Privilege as to Alleged Interference With Contractual and Economic Relations)

98.    Defendant alleges that any statements made or action done by defendant which might have interfered with Plaintiff's contractual or economic relations were privileged as competition, responsibility for the welfare of another, inducement to influence another's business policy, giving information or advice, or asserting a bona fide claim.

### DEFENDANT'S CROSS-CLAIM FOR AFFIRMATIVE RELIEF

1.    Defendant incorporates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

2.    There is an actual and justiciable controversy between Cross-Claimant Christina Sanchez and Cross-Defendant Ronsin Photocopy, Inc. with respect to cross-claimant's right to indemnity and contribution from cross-defendant.

3.    Jurisdiction over the subject matter of the controversy and personal jurisdiction over the cross-defendant are co-extensive with the Complaint.

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### FIRST CROSS-CLAIM FOR AFFIRMATIVE RELIEF

#### (Indemnification)

4.    Cross-claimant incorporates by reference Paragraphs 1 through 3 above in their entirety.

5.    The principal action alleges, among other things, conduct allegedly entitling Plaintiff to damages against cross-claimant. Cross-claimant contends she is not liable for the events and occurrences described in the Complaint.

6.    If cross-claimant is found in some manner responsible to Plaintiff, or to anyone else as a result of the incidents and occurrences described in the Complaint, her liability would be based solely upon a derivative form of liability not resulting from her conduct, but only from an obligation imposed upon her by law. Therefore, cross-claimant would be entitled to complete indemnity from cross-defendant.

### SECOND CROSS-CLAIM FOR AFFIRMATIVE RELIEF

#### (Apportionment of Fault)

7.    Cross-defendant is responsible, in whole or in part, for the injuries and damages, if any, suffered by Plaintiff.

8.    If cross-claimant is judged liable to Plaintiff, cross-defendant should be required to pay a share of Plaintiff's judgment which is in proportion to the comparative fault of cross-defendant in causing Plaintiff's damages.

9.    If cross-claimant is judged liable to Plaintiff, then cross-defendant should be required to reimburse cross-claimant for any payments she makes to Plaintiff in excess of cross-claimant's proportional share of fault.

Wherefore, Defendant and cross-claimant Christina Sanchez prays for judgment as follows:

1.    That Plaintiff take nothing by its Complaint and that its Complaint be dismissed with prejudice;

2.    That the Court deny any and all of Plaintiff's requests for injunctive relief;

3.    That he Court deny any and all of Plaintiff's requests for equitable relief;

ANSWER TO COMPLAINT AND CROSS-CLAIMS

1       4.    That judgment be entered in favor of cross-claimant on her cross-claim for

2  indemnification against cross-defendant;

3       5.    That judgment be entered in favor of cross-claimant on her claim for

4  apportionment of fault against cross-defendant;

5       6.    That Christina Sanchez be awarded her costs and attorney's fees against

6  Plaintiff Second Image, Inc.;

7       7.    That Christina Sanchez, as cross-claimant, be awarded her costs and

8  attorney's fees against cross-defendant Ronsin Photocopy, Inc.; and

9       8.    That Christina Sanchez be awarded such other and further relief as this Court

10  may deem just and proper.

11

12  DATED: November 27, 2007      CESARI, WERNER AND MORIARTY

13

14                 BY

15                        DENNIS F. MORIARTY

16                 Attorneys for Defendant and Cross-Claimant

                        CHRISTINA SANCHEZ

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT AND CROSS-CLAIMS

PROOF OF SERVICE

5055-3-10-15
*Second Image, Inc. V. Ronsin Photocopy, Inc. – USDC Northern District Case No. C 07 5242 PJH*

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER AND MORIARTY, 360 Post Street, Fifth Floor, San Francisco, California, 94108. On November 28, 2007, I served the within document:

## ANSWER TO COMPLAINT AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage prepaid, in the United States mail San Francisco, California addressed as follows.

☒ by causing personal delivery by messenger of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Karl S. Kronenberger, Esq.
Hanry M. Burgoyne, III, Esq.
Deepa Krishnan, Esq.
KRONENBERGER BURGOYNE LLP
150 Post St., #520
San Francisco, CA 94108
Tel:    415-955-1155
Fax:    415-955-1158
*Attorneys for Plaintiff*
*SECOND IMAGE, INC.*

I am familiar with the firm's practice of processing mail. Under that practice it would be deposited with the U.S. Postal Service on that day with postage thereon prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date/postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.

Executed on November 28, 2007, at San Francisco, California.

MAYA MAHRER

PROOF OF SERVICE

5055-3-10-15
*Second Image, Inc. V. Ronsin Photocopy, Inc. – USDC Northern District Case No. C 07 5242 PJH*

I am a resident of the State of California, over the age of 18 years, and not a party to the within action.  My business address is CESARI, WERNER AND MORIARTY, 360 Post Street, Fifth Floor, San Francisco, California, 94108.  On November 28, 2007, I served the within document:

**ANSWER TO COMPLAINT AND CROSS-CLAIMS; DEMAND FOR JURY TRIAL**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope with postage prepaid, in the United States mail San Francisco, California  addressed as follows.

☐  by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Al Mohajerian, Esq.
MOHAJERIAN INC.
1925 Century Park E., #350
Los Angeles, CA  90067
Tel:    310-556-3800
Fax:    310-556-5817
*Attorneys for Defendant*
*RONSIN PHOTOCOPY, INC.*

I am familiar with the firm's practice of processing mail.  Under that practice it would be deposited with the U.S. Postal Service on that day with postage thereon prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date/postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury that the above is true and correct.

Executed on November 28, 2007, at San Francisco, California.

MAYA MAHRER