1  MOHAJERIAN INC
   AL MOHAJERIAN, CSBN 182013
2  AARON G. CAPPS, CSBN 215803
3  A Professional Law Corporation             FOR COURT USE ONLY
   1925 Century Park East, Suite 350
   Los Angeles, California 90067
4  Tel: (310) 556-3800/Fax: (310) 556-3817

5  Attorney for Ronsin Photocopy, Inc.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

11 SECOND IMAGE, INC., a California           ) CASE NO.: C075242
   Corporation                                )
12                                             ) NOTICE OF MOTION AND MOTION TO
                     Plaintiff(s),             ) DISMISS PURUSANT TO RULES 12(b)(3),
13                                             ) 12(b)(6) AND 12(b)(1) BASED UPON
           vs.                                 ) IMPROPER VENUE, FAILURE TO STATE
14                                             ) A CLAIM UPON WHICH RELIEF CAN BE
   RONSIN PHOTOCOPY, a California              ) GRANTED AND LACK OF SUBJECT
15 Corporation; CHRISTINA SANCHEZ, an          ) MATTER JURISDICTION, OR IN THE
   individual ; and DOES 1 through 10          ) ALTERATIVE, TO TRANSFER FOR
16                                             ) IMPROPER VENUE 28 U.S.C § 1406(a); OR
                     Defendant(s).             ) IN THE FURTHER ALTERNATIVE, TO
17                                               TRANSFER FOR CONVENIENCE (28
                                                 U.S.C. § 1404 (a)) ;DECLARATION OF
18                                               DENNIS GRANT

20                                             DATE: December 19, 2007
                                               TIME: 9:00 a.m.
21                                             DEPT: 3
                                               **Honorable Judge Phyllis J. Hamilton**

22 TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

23     **PLEASE TAKE NOTICE** that on December 19, 2007 at 9:00 AM, or as soon thereafter as

24 counsel may be heard, in the courtroom of the Honorable Phyllis J. Hamilton located at Federal

25 Building 17th Floor, Courtroom 3, 450 Golden Gate Avenue, San Francisco, California, Defendant

26 will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(6) and

27 12(b)(1) for an order dismissing this action on the grounds of improper venue, failure to state a

28 claim upon which relief can be granted and lack of subject matter jurisdiction to rule on this matter,

---
Z:\files\271.071\2\Mtn.Dismiss.12b6.doc

**NOTICE OF MOTION TO DISMISS FOR IMPROPER VENUE, FAILURE TO STATE A CLAIM AND LACK OF
SUBJECT MATTER JURISDICTION, OR IN THE ALTERNATIVE,
TO TRANSFER FOR IMPROPER VENUE 28 U.S.C. §1406a**

1

271.071

or, in the alternative, to transfer this action to the United States District Court Central District of California pursuant to 28 U.S.C. § 1406(a); or in the further alternative, to transfer to said district for the convenience of the parties and witnesses under 28 U.S.C. § 1404 (a).

This motion is based on the notice of motion, the memorandum of points and authorities and the declaration of Dennis Grant, President of Ronsin Photocopy, Inc. filed and served herewith and upon the papers, records and pleadings on file herein.

Dated: November 12, 2007

*Respectfully submitted,*
**MOHAJERIAN LAW OFFICES**


By: _____
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for Defendant,
RONSIN PHOTOCOPY, INC.

# TABLE OF CONTENTS

I. INTRODUCTION AND STATEMENT OF FACTS ................................................................................ 1

II. LEGAL DISCUSSION .................................................................................................................................. 2

    A.    STANDARDS APPLICABLE TO THIS MOTION ................................................................................ 2

    B.    VENUE IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT IS IMPROPER ............................... 2

    C.    EVEN IF THE COURT WAS TO SOMEHOW FIND VENUE IN THE NORTHERN DISTRICT PROPER, FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSESES, JUDICIAL ECONOMY AND IN THE INTERESTS OF JUSTICE, THE ACTION SHOULD BE TRANSFERRED TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT ................................................ 5

    D.    PLAINTIFF'S FEDERAL CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED ................................................ 6

    E.    THIS COURT LACKS SUBJECT MATTER JURISDICTION ................................................ 9

III. CONCLUSION ................................................................................................................................ 10

# TABLE OF AUTHORITIES

### CASES

*Balistreri v. Pacifica Police Dept.*, 901 F.2d (9th Cir.1988) .................................................. 6

*Bell v. Hood* (1946) 327 US .................................................................................................. 9

*Biciceletas Windurs, S.A. v. Bicycle Corp. of America* S.D. N.Y. (1992) 783 F.Supp. ....... 3

*Cook v. Fox* 9th Circuit (1976) 537 F.2d ............................................................................... 2

*Division One, Pacific Coast District v. Alaska* 9th Circuit (1982) 682 F.2d ........................ 5

*Federal Rules of Civil Procedure*, Rule 12 ........................................................................... 2

*Finley v. United States* (1989) 490 US .................................................................................. 9

*Gold Lawr, Inc. v. Heiman* (1962) 369 US ........................................................................... 2

*Hoye v. Sullivan* (9th Cir. 1993) 985 F2d ............................................................................... 9

*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. .......................................................... 9

*McFarland v. Memorex Corp.* N.D. Ca. (1980) 493 F.Supp ................................................. 2

*Nicholas v. G.D. Searle & Co.* 4th Circuit (1993) 991 F.2d ................................................. 4

*Nicholas v. G.D. Searle & Co.* 4th Circuit (1993) 991 F.2d ................................................. 3

*Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d (2d Cr. 1996) .............................. 9, 10

*Southland Sod Farms v. Stover Seeds Co.*, 108 F.3d (9th Cir. 1997) ................................... 8

*Tranor v. Brown Ed.* P.A. (1986) 913 F.Supp. ..................................................................... 3

United Industries Corp. v. Clorox Co. (8th Cr. 1998)140 F.3d .............................................. 8

*Walker & Zanger v. Paragon Ind.*, 2007 U.S. Dist. LEXIS 35520 (N.D. Cal. 2007) ........... 8

*Western Mining Council v. Watt*, 643 F.2d (9th Cir.1981) .................................................. 1

### STATUTES

15 U.S.C. Section 1125(a) ...................................................................................................... 9

18 U.C.C. Section 1030 ....................................................................................................... 7,9

18 U.S.C. Section 1030(a)(5)(b)(i) through (v) and 1030(g) ................................................. 7

28 U.S.C. §1391 ..................................................................................................................... 3

28 U.S.C. 1391(b) .................................................................................................................. 1

28 U.S.C 1391(b)(3) ............................................................................................................ 3,7


28 U.S.C. §1404(a) .................................................................................................................. 4

28 U.S.C. §1406 (a) ............................................................................................................. 2,5

Z:\files\271.071\2\Mtn.Dismiss.12b6.doc

**TABLE OF AUTHORITIES**

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

This lawsuit was brought by Plaintiff Second Image, Inc. ("Second Image") alleging several state and two (2) federal causes of action against Defendants Ronsin Photocopy, Inc. ("Ronsin Photocopy") and Christina Sanchez ("Sanchez"). The federal causes of action are alleged violations of the Computer Fraud and Abuse Action, 18 U.C.C. Section 1030 and the Lanham Act, 15 U.S.C. Section 1125(a). Plaintiff states at paragraph seven (7) of the Complaint, that this court has original subject matter jurisdiction based on the above-referenced alleged federal violations.

In the Complaint, Plaintiff alleges that it is a California corporation with its principal place of business in Los Angeles County, California. (Complaint ¶ 2.) Plaintiff further alleges that Defendant Ronsin is, and at all times material hereto was, a California corporation with its principal place of business at Los Angeles County, California with offices throughout the state of California, including but not limited to San Francisco County. (Complaint ¶ 3.) Plaintiff goes on to allege that Defendant Sanchez is and at all times material hereto was an individual residing in Orange County, California. (Complaint ¶ 4.) Finally, Plaintiff alleges that venue is proper in the United States District Court, Northern District pursuant to 28 U.S.C. 1391(b) because all Defendants reside in this state and upon information and belief that at least one Defendant, Ronsin, resides in the United States District Court, Northern District. (Complaint ¶ 10.)

Plaintiff now moves this court to dismiss this action based on improper venue, failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Plaintiff further moves, should the matter not be dismissed, that it be transferred based on the convenience of parties and witnesses. The claims contained in the Complaint (as alleged) belong in the Superior Court of Los Angeles, California. There were no logical reasons to file the case in the United States District Court, particularly the Northern District, other than to increase the difficulty and costs of litigation to the Defendants. As will be shown below, this matter is not a federal issue (as the Plaintiff has failed to state a federal claim upon which relief can be granted) and this court therefore

does not have subject matter jurisdiction. Furthermore, even if subject matter jurisdiction is found, venue in the United States District Court, Northern District is improper, therefore this matter should be dismissed. Finally, if venue is somehow found to be proper, in the interests of justice, this matter should be transferred to United States District Court, Central District.

## II.
## LEGAL DISCUSSION

### A. STANDARDS APPLICABLE TO THIS MOTION

The following defenses may, at the option of the pleader, be made by a motion: (1) Lack of jurisdiction of the subject matter, (2) Lack of jurisdiction over the person, (3) Improper venue (4) Insufficiency of process, (5) Insufficiency of service of process, (6) Failure to state a claim in which relief may be granted; and (7) failure to join a party under Rule 19. *Federal Rules of Civil Procedure*, Rule 12.

### B. VENUE IN THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT IS IMPROPER

Where venue is improper, the court may transfer or dismiss the action. 28 U.S.C. §1406 (a). As long as the motion is timely, transfer or dismissal of improper venue is mandatory. However, in deciding whether to transfer rather than dismiss the case outright, the court has some discretion, it must find that transfer, rather than dismissal, is in the interests of justice. 28 U.S.C. §1406(a).

The court must consider judicial economy, whether another action would be filed, the statute of limitations and the relative injustice imposed on Plaintiff and Defendant when dismissal is contemplated. *Gold Lawr, Inc. v. Heiman* (1962) 369 US 463, 467. Transfer may be refused and a dismissal ordered where Plaintiff's claim appears to be very weak and there is no apparent statute of limitations probable. *Cook v. Fox* 9th Circuit (1976) 537 F.2d 370, 371; *McFarland v. Memorex Corp*. N.D. Ca. (1980) 493 F.Supp. 657. Finally, it is <u>not</u> in the interest of justice to transfer an

action that was obviously or deliberately filed in the wrong court. *Nicholas v. G.D. Searle & Co.* 4th Circuit (1993) 991 F.2d 1195, 1201. (Emphasis added.)

Venue in federal question cases is proper in the following judicial districts (and no others unless provided by special statute) if all defendants reside in the same state, a district where any defendant resides, or the district where a substantial part of the events or omissions on which the claim is based occurred, or a "substantial" part of the property that is the subject of the action is located. 28 USC 1391(b)(3);

In states with several federal districts (such as California) for venue purposes the corporation's contacts with the subject district are determinative, i.e., a Defendant is deemed to reside in any district in which his contacts were subjected to personal jurisdiction if that district were a separate state or, if there is not such a district, in whichever district it has the most significant contacts. 28 U.S.C. §1391. *Biciceletas Windurs, S.A. v. Bicycle Corp. of America* S.D. N.Y. (1992) 783 F.Supp. 781, 785; *Tranor v. Brown Ed.* P.A. (1986) 913 F.Supp. 388, 390.

If the court finds that it does have subject matter jurisdiction, a cursory review of Plaintiff's Complaint reveals that United States District Court, Central District is the correct venue for this action. It is undisputed that Plaintiff is located in Los Angeles County, Defendant Ronsin is located in Los Angeles County and Defendant Sanchez is located in Orange County. It is also clear from a reading of the Complaint that the district where a substantial part of the events or omissions occurred, or a "substantial" part of the property that is the subject of the action is located in Los Angeles County. 28 USC 1391(b)(3).

1. No Part of this Claim took Place in Northern California

Every part of this claim, from the alleged meeting between Defendants Ronsin and Sanchez to the alleged "unauthorized access" to Second Image's information all took place either in Los Angeles County or in Orange County. In fact, because Plaintiff (and its computer system) is located in Los Angeles County, the records allegedly accessed by Defendants were also located in Los Angeles County. Absolutely nothing in this claim has any relation to Northern California, let alone San Francisco County.

### 2. For Venue Purposes, Ronsin is Not Located in Northern California

Plaintiff makes the vague assertion in its' Complaint that Defendant Ronsin has offices located in San Francisco County. (Complaint ¶ 3.) By way of background, Ronsin Photocopy, Inc. is a litigation support services company with its corporate headquarters located at 215 S. Lemon Creek Dr., Walnut, CA 91789, in the County of Los Angeles. This is also the address given for service of process on Ronsin Photocopy, Inc. (Dec. of Grant ¶ 2.) Substantially all of the work for Ronsin Photocopy, Inc, is performed at the corporate offices. This includes the receipt of all requests and orders for work, the order entry process, subpoena preparation, telephone calls, film processing, digitizing of records, printing of records, mailing records to clients and retention of records as well as the computer data base. (Dec. of Grant ¶ 3.)

The only activity by Ronsin Photocopy, Inc. in Northern California is serving of subpoenas and the copying of records on site for Northern California locations. This has nothing to do with the allegations contained in the Complaint. (Dec. of Grant ¶ 4.) Ronsin Photocopy, Inc. has <u>no business offices in Northern California</u>. Ronsin does have a "field representative office" which functions only as a drop location for field representatives to pick up work requests sent to them by our corporate office, and to drop off completed work. (Dec. of Grant ¶ 5.)

Therefore, its abundantly clear that Defendant Ronsin would not be subject to personal jurisdiction in Northern California, and that its most significant contacts are obviously in Los Angeles County.

### 3. Plaintiff Deliberately Filed This Matter in the Wrong Court.

Finally, it is <u>not</u> in the interest of justice to transfer an action that was obviously or deliberately filed in the wrong court. *Nicholas v. G.D. Searle & Co.* 4th Circuit (1993) 991 F.2d 1195, 1201. Plaintiffs were clearly aware that Defendant Ronsin is located in Los Angeles and that Defendant Sanchez is located in Orange County. Furthermore, Plaintiff is located in Los Angeles. In fact, the only entity involved in this action that is located in San Francisco County is Plaintiff's counsel.

Shockingly, Plaintiff's counsel, with all of the locations of the parties known to them, still decided to file the matter in United States District Court, Northern District. It is not a far stretch to say that Plaintiff's counsel filed the Complaint in the Northern District because it was easiest for them and most difficult for Defendants. Furthermore, locating the matter in the Northern District obviously greatly increases the costs of defense of this matter for both Defendants. Maneuvers such as these often lead to unfair settlements and defaults based on an inability to continue to litigate the lawsuit due to exorbitant costs. This is especially true of an individual Defendant such as Christina Sanchez. This directly contradicts the goal of the court in hearing each case on its merits.

As the law states, the court has some discretion in whether deciding to dismiss or transfer a matter, and <u>it must find that transfer, rather than dismissal, is in the interests of justice.</u> 28 U.S.C. §1406(a). (Emphasis added.) Because there are no statute of limitations issues, and because it appears from the evidence that Plaintiff filed this claim in Northern California to gain an unfair advantage, in the interests of justice this matter should not be transferred but should be dismissed.

**C.   EVEN IF THE COURT WAS TO SOMEHOW FIND VENUE IN THE NORTHERN DISTRICT PROPER, FOR THE CONVENIENCE OF THE PARTIES AND THE WITNESSESES, JUDICIAL ECONOMY AND IN THE INTERESTS OF JUSTICE, THE ACTION SHOULD BE TRANSFERRED TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

Courts are allowed, even if they do not find that venue is improper, to transfer venue to another district for the convenience of parties and witnesses and in the interest of justice. 28 U.S.C. §1404(a). The federal court may also transfer the case to any district or division where it could have been brought, i.e., where venue would have been proper. 28 U.S.C §1406(a). See also *Division One, Pacific Coast District v. Alaska* 9th Circuit (1982) 682 F.2d 797, 799.

As stated previously, it is undisputed that Plaintiff is located in Los Angeles County, Defendant Ronsin is located in Los Angeles County and Defendant Sanchez is located in Orange County. It is further undisputed that the allegations are that Ronsin accessed Second Image's

computer system in Los Angeles County using a username and password given to it in Orange County. Furthermore, Plaintiff's record keeping system is likely located in Los Angeles County.

Thus, it is clear that all likely witnesses, parties and relevant evidence are located in Southern California, specifically the Greater Los Angeles Area. Thus, even if the court finds venue proper, the inconvenience and costs to the parties in keeping the matter in the Northern District is severe. Except Plaintiff's counsel, parties (and their attorneys of record) will be forced to attend depositions, attend court hearings, produce evidence and file and argue motions far from any of their actual locations. Given the current high cost of both travel and litigation, it will be extremely expensive for all of the parties to continue to litigate this matter in the Northern District.

As stated previously, high litigation costs often lead to unfair settlements and defaults. This is based on the fact that parties are often not on the same financial footing. <u>Transferring the matter to the Central District will give all parties a more even playing field.</u> Keeping the matter in the Northern District will give a distinct advantage to the parties (such as Plaintiff) that can afford to litigate anywhere in California. Moving the matter to the Central District will help to have the matter heard on the merits. No party should be denied justice because they don't have the resources of another wealthier party.

Thus, in the even that the court finds venue proper, for the convenience of all the parties, and in the interests of justice, this matter should be transferred to the United States District Court, Central District.

### D. PLAINTIFF'S FEDERAL CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

A Rule 12(b)(6) dismissal [for failure to state a claim] is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 969, 699 (9th Cir.1988). It is understood that the complaint must be read in the light most favorable to plaintiff, however, the Court need not accept as true any <u>unreasonable inferences</u>, <u>unwarranted deductions of</u> fact, or <u>conclusory legal</u>

allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). (Emphasis Added.)

Plaintiff's Complaint does not contain any colorable federal claims. It only contains the following contradictory and obviously sham federal claims that were alleged solely to have the matter heard in federal court:

1. Computer Abuse and Fraud Act

Plaintiff's "computer abuse and fraud" claim contains allegations that all Defendants "intentionally accessed Second Image's protected computer without authorization, or in excess of the scope of authorized access." (Complaint ¶¶ 26, 27, 28.) However, the very language in the Complaint itself contradicts this allegation by Plaintiff.

The elements of this cause of action are, "knowingly and with intent to defraud, accessing a protected computer, without authorization, or in excess of the scope of authorized access, and furthering the intended fraudulent conduct and obtaining anything of value. 18 U.S.C. Section 1030. Finally, for a private right of action, there must be a claim of damage to the protected computer. 18 U.S.C. Section 1030(a)(5)(b)(i) through (v) and 1030(g)

Plaintiff's Complaint states at page 5, para. 18 and page 13, para. 73, that Plaintiff provided a username and password to Defendant Sanchez. This gave Defendant Sanchez authorization to access Second Image's computer system. It is further alleges that Defendant Sanchez gave the username and password to Ronsin. (Complaint ¶ 21.) There are no allegations in the Complaint that Defendant Ronsin stole the password from either Second Image or Sanchez. It is also undisputed that Sanchez was within her authority to access the system, and gave the password to Second Image for Ronsin to review what Second Image was doing on their system. Furthermore, there are no specific allegations as to how Defendant Ronsin "defrauded" Plaintiff in this matter or gained anything of value.

The Complaint filed by Plaintiff is actually a dispute between competitors regarding competition for clients, nothing more. The Computer Abuse and Fraud Act was never meant to cover issues between domestic competitors as it relates to competition for customers. Simply put,

Z:\files\271.071\2\Mtn.Dismiss.12b6.doc
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF 12(b)(3,) 12(B)(6) AND 12(B)(1) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**
7

Second Image has alleged (and which Defendant Ronsin vehemently denies) that Defendant Ronsin, using the username and password given to it from Defendant Sanchez, accessed Second Images information and informed various persons of possible flaws in Ronsin's system. Furthermore, pursuant to the allegations in the Complaint, <u>common sense dictates that there could not be any trade secrets accessed as the username and password enabled anyone with a username and password to see what Ronsin allegedly observed</u>. Finally, Plaintiff's Complaint contains no allegations that the Defendant damaged Plaintiff's computer

Thus, it is clear that Plaintiff has failed to make a claim upon relief may be granted in its Computer Abuse and Fraud Act allegation.

2. <u>Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)</u>

In order for this cause of action to accrue, the statement must have actually deceived or had the capacity to deceive a substantial segment of the audience, the deception must have been material, the defendants must have caused its good to enter interstate commerce and the plaintiff must have been or is likely to be injured as a result. *United Industries Corp. v. Clorox Co.* (8th Cr. 1998)140 F.3d 1175, 1180. Also, the alleged false statement in a Lanham Act violation must have went into interstate commerce. *Walker & Zanger v. Paragon Ind.*, 2007 U.S. Dist. LEXIS 35520 (N.D. Cal. 2007) and *Southland Sod Farms v. Stover Seeds Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)

Plaintiff alleges in the Complaint that Defendants made "false representations about the security of records hosted on Second Image's website, so as to gain an unfair advantage." (Complaint ¶ 39.) However, <u>nowhere</u> in the complaint are the alleged statements made by Defendants about Plaintiff every stated. Furthermore, it is never alleged that that the unknown statements went into interstate commerce.

Plaintiff has made a very general allegation and has not provided a single deceptive statement allegedly made by Defendants in the Complaint. Therefore, it is unknown to Defendants (and to this court) if the statement had the capacity to deceive as *the Complaint conveniently leaves out what "deceptive" statements were made by Defendants*. This is likely because there weren't

Z:\files\271.071\2\Mtn.Dismiss.12b6.doc

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF 12(b)(3,) 12(B)(6) AND 12(B)(1) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF SUBJECT MATTER JURISDICTION AND IMPROPER VENUE**

8

any false representations made by Defendants to begin with. Finally, regarding getting an "unfair advantage" Plaintiff alleges only that business relationships were merely "disrupted". (Complaint ¶ 49.) This is a far cry from an unfair advantage.

Thus, it is clear that Plaintiff has failed to make a claim upon relief may be granted under Section 43(a) of the Lanham Act.

### E.    THIS COURT LACKS SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate; basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375; *Finley v. United States* (1989) 490 US 545.

A federal claim must be "colorable" . . . and is not considered colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction . . . or is wholly unsubstantial or frivolous. *Bell v. Hood* (1946) 327 US 678, 682-683. Plaintiffs must allege facts on which to base a federal claim. *Hoye v. Sullivan* (9th Cir. 1993) 985 F2d, 990, 991. A dismissal of federal law claims means there is no pendent jurisdiction for state law claims. *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cr. 1996).

Plaintiff states at paragraph seven (7) of the Complaint that this court has subject matter jurisdiction due to alleged violations of the Computer Fraud and Abuse Action, 18 U.C.C. Section 1030 and the Lanham Act, 15 U.S.C. Section 1125(a). Allegations regarding the violation of the above referenced statutes are a federal question, and, pursuant to Plaintiff's Complaint, is the only basis for Plaintiff's contention that this court is the court of original jurisdiction.

Because both federal claims made by Plaintiff have been shown to fail to state a claim upon which relief may be granted, there is no longer a federal question pending in this matter. As stated above, Plaintiff's Complaint does not contain any colorable federal claims. It only contains contradictory and obviously sham federal claims in order to have the matter heard in federal court. Because there is no issue of diversity, and because (as shown above) the skeletal federal claims are

conclusory, there are no colorable federal claims left in the Complaint. *Nowak v. Ironworkers Local 6 Pension Fund,* 81 F.3d 1182, 1188 (2d Cr. 1996).

Thus, this court does not have subject matter jurisdiction over this matter and it should be dismissed.

## III.

## CONCLUSION

Based on the foregoing, because the Plaintiff's federal claims fail to state a claim upon which relief can be granted, this court does not have subject matter jurisdiction and this lawsuit should be dismissed in its entirety. Furthermore, even if the court somehow finds that it does have subject matter jurisdiction, it should find that venue is improper and dismiss this matter. Finally, should the court find that Plaintiff has subject matter jurisdiction and that venue is proper, then for judicial economy and in the interests of justice this court should transfer the matter to United States District Court, Central District.

Date: November 9, 2007

MOHAJERIAN LAW CORP.

By: _____
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for DEFENDANT RONSIN PHOTOCOPY, INC.

# DECLARATION OF DENNIS GRANT

I, Dennis Grant, hereby declare as follows:

1.    I am the President of Ronsin Photocopy, Inc. I have held the position of President for over ten (10) years. I have read Plaintiff's Complaint, and have personal knowledge of each matter stated herein. If called to testify, I will testify to the following facts stated herein.

2.    Ronsin Photocopy, Inc. is a litigation support services company with its corporate headquarters located at 215 S. Lemon Creek Dr., Walnut, CA 91789, in the County of Los Angeles. This is also the address given for service of process on Ronsin Photocopy, Inc.

3.    Substantially all of the work for Ronsin Photocopy, Inc. is performed at the corporate offices. This includes the receipt of all requests and orders for work, the order entry process, subpoena preparation, telephone calls, film processing, digitizing of records, printing of records, mailing records to clients and retention of records as well as the computer data base.

4.    The _only_ activity by Ronsin Photocopy, Inc. in Northern California is serving of subpoenas and the copying of records on site for Northern California locations. This has nothing to do with the allegations contained in the Complaint.

5.    Ronsin Photocopy, Inc. has no business offices in Northern California. Ronsin does have a "field representative office" which functions only as a drop location for field representatives to pick up work requests sent to them by our corporate office, and to drop off completed work.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: November 9, 2007

_[signature: Dennis Grant]_
Declarant

**PROOF OF SERVICE**
(California Code of Civil Procedure, " 1011, 1013, 2015.5; California Rules of Court, Rule 2008(e))
SECOND IMAGE, INC. V. RONSIN PHOTOCOPY, INC
Case No.: C075242

STATE OF CALIFORNIA      )
                         )
COUNTY OF SAN FRANCISO   )

I am employed in the county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is: *1925 Century Park East, Suite 350, Los Angeles, CA 90067.*

I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERATIVE TO TRANSFER FOR IMPROPER VENUE 28 U.S.C § 1406(a); OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE (28 U.S.C. § 1404 (a))** in this action

_X_ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
___ by placing __ the original __ a true copy thereof enclosed in sealed envelopes addressed as follows:

**Henry Burgoyne, Esq.**
**Kronenberger Burgoyne, LLP**
**150 Post Street, Suite 520**
**San Francisco, CA 94108**

___ **BY PRIORITY MAIL** I caused said envelope to be deposited in the U.S. Mail, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

___ **BY FACSIMILE** I served the forgoing document on the office of the addressee pursuant to CRC 2008 at the party's facsimile number shown hereinabove. A transmission report was properly issued by the sending facsimile machine, and the transmission reported as complete without error.

_X_ **BY FEDERAL EXPRESS** I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, (copy of the attached document), together with a signed copy of this declaration, in an envelope designated by the said express service carrier, with deliver fees paid or provided for, addressed as listed above.

___ **BY HAND** I caused said envelope to be delivered by hand/messenger to the offices of the addressee.

Executed on November 12, 2007 at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Signature): _____
Print Name: PANTEA RAHBAR