UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SECOND IMAGE INC.,

    Plaintiff,

    v.

RONSIN PHOTOCOPY, INC., et al.,

    Defendants.
_____/

No. C 07-5242 PJH

**ORDER GRANTING DISMISSAL IN PART AND DENYING DISMISSAL IN PART**

    Defendant's motion to dismiss plaintiff's complaint for improper venue and for failure to state a claim came on for hearing before this court on December 19, 2007. Plaintiff, Second Image, Inc. ("plaintiff"), appeared through its counsel, Karl S. Kronenberger. Defendant Ronsin Photocopy Inc. ("defendant"), appeared through its counsel, Aaron G. Capps.[1] Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion to dismiss in part and GRANTS the motion in part, for the reasons stated at the hearing, and summarized as follows.

    1.    Defendant's motion to dismiss plaintiff's complaint for improper venue is DENIED, as the evidence submitted by plaintiff demonstrates that venue is proper in the Northern District pursuant to 28 U.S.C. § 1391, based on either (a) defendant's residence in the Northern District, or (b) the fact that a "substantial part of the events or omissions" on which plaintiff's claim is premised took place within the Northern District. See, e.g., Murphy v. Schneider National, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004)(motion to dismiss or

---

[1] Defendant Christina Sanchez, not a party to the instant motion, was nonetheless represented at the hearing by her counsel, Stephen L. Dahm.

transfer should be denied if plaintiff makes a prima facie showing of proper venue).

2.  Similarly, defendant's motion to transfer this case to an alternative venue in the interests of justice or for the convenience of the parties, pursuant to 28 U.S.C. § 1404(a), is also DENIED. While discovery relating to the alleged electronic breach is likely to be electronic, and easily transportable, the relevant third party witnesses identified thus far reside in Northern California. Furthermore, there are no outstanding issues with respect to judicial economy that warrant transfer, nor are there any issues regarding access to proof that would tip the scales in favor of transferring the case. Accordingly, there is no compelling reason to disturb plaintiff's choice of forum. See, e.g., Securities Investor Protection Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)(a plaintiff's choice of forum is accorded substantial weight in proceedings under § 1404(a), and courts generally do not order transfers unless the "convenience" and "justice" factors strongly favor venue elsewhere.).

3.  Defendant's motion to dismiss plaintiff's first cause of action for violation of the Computer Fraud and Abuse Act ("CFAA") is GRANTED. Plaintiff's allegations fail to adequately establish that plaintiff's computer was "protected" within the meaning of the CFAA, or that plaintiff incurred a "loss" of at least $5000 as a result of defendants' actions. See 18 U.S.C. § 1030(e)(2)(B)(CFAA states that a computer must be "used in interstate or foreign commerce or communication..."); see also id. at. § 1030(e)(11)("loss" defined under the CFAA as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense...."). Plaintiff is granted leave to amend, however, in order to cure any deficiencies.

4.  Defendant's motion to dismiss plaintiff's third claim for relief under section 43(a) of the Lanham Act is also GRANTED. While plaintiff has established the majority of elements required to state a prima facie case under the Act, plaintiff has failed to allege that defendant's goods or services were involved in interstate commerce. See, e.g., Rice

1  v. Fox Broadcasting Co., 330 F.3d 1170, 1180 (9th Cir. 2003)(false advertising plaintiff must allege: (1) false statements of fact made by defendant in advertisements about its own or another's product; (2) which advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) which deception is material, in that it is likely to influence the purchasing decision; (4) that defendant caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing).   Accordingly, plaintiff's claim pursuant to the Lanham Act is dismissed.  Plaintiff is granted leave to amend, however, in order to state a renewed claim.

     5.     Assuming that plaintiff properly amends its complaint, the court would have subject matter jurisdiction over plaintiff's complaint in view of the federal questions presented therein.  Accordingly, the court DENIES defendant's motion to dismiss the complaint on grounds that subject matter jurisdiction is lacking.

     Plaintiff shall file any amended complaint no later than **January 21, 2008**.  Defendants shall file a response to the amended complaint no later than **February 11, 2008**.

**IT IS SO ORDERED.**

Dated: December 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

3