**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>Defendants. | Case No. C-07-05242-PJH<br><br>**FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC. FOR:**<br><br>**(1) VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**<br>**(2) MISAPPROPRIATION OF TRADE SECRETS;**<br>**(3) FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT;**<br>**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br>**(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(6) DEFAMATION;**<br>**(7) STATUTORY COMPUTER FRAUD;**<br>**(8) TRESPASS TO CHATTELS;**<br>**(9) NEGLIGENCE.**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC.**

Plaintiff SECOND IMAGE, INC. ("Plaintiff" or "Second Image"), brings this First Amended Complaint against Defendants RONSIN PHOTOCOPY, INC., a California Corporation ("RONSIN"), CHRISTINA SANCHEZ ("Sanchez"), and DOES 1-10 (collectively, "Defendants"), and alleges as follows:

**INTRODUCTION AND PARTIES**

1.    This is a civil action arising under the Computer Fraud and Abuse Act and the Lanham Act, 18 U.S.C. §1030 and 15 U.S.C. §1125(a), respectively, and also arising under California statutory and common law, as more fully described below.

2.    Plaintiff Second Image, is and at all times material hereto was, a comprehensive provider of legal support services throughout the State of California and a registered professional photocopier under California Business and Professions Code §22450 *et seq*. Plaintiff is a California corporation with its principal place of business in Los Angeles County, California.

3.    Upon information and belief, Defendant Ronsin is a registered professional photocopier under California Business and Professions Code §22450 *et seq*. Defendant Ronsin is, and at all times material hereto was, a California corporation, with its principal place of business at Los Angeles County, California, with offices throughout the state of California, including but not limited to San Francisco County.  Upon information and belief, Defendant Ronsin's clients are located throughout the United States, and Ronsin conducts business nationwide, relying on channels of interstate commerce in conducting this business.

4.    Upon information and belief, Defendant Sanchez is, and at all times material hereto was, an individual residing in Orange County, California.

5.    This First Amended Complaint shall be amended to substitute names of individuals or business entities for "Does" in due course, upon the identification of additional defendants through discovery.

6.    Whenever in this First Amended Complaint reference is made to the acts of Ronsin, Sanchez, or Does 1-10, that allegation shall refer collectively to all Defendants

who, as more fully alleged below, are, upon information and belief, co-conspirators and/or are engaged in an express or implied principal/agent relationship whereby individual defendants operated under actual or ostensible authority to perform the acts so alleged, and/or whereby individual defendants authorized, aided, abetted, furnished the means to, advised, or encouraged the acts of the other individual defendants.

## JURISDICTION AND VENUE

7. Original subject matter jurisdiction is conferred upon this Court by the Computer Fraud and Abuse Act, 18 U.S.C. §1030, and section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Supplemental jurisdiction over claims arising under the law of the State of California is conferred upon this Court under 28 U.S.C. §1367.

8. This Court has personal jurisdiction over Defendant Ronsin, as Defendant Ronsin is a California Corporation, with its principal place of business within the State of California, and its agent for service of process located within the State of California.

9. This Court has personal jurisdiction over Defendant Sanchez, as Defendant Sanchez is a resident of this State whose intentional and unlawful conduct, as alleged more fully herein, was performed in California, and the deleterious effects of which were felt most severely by Plaintiff, a California resident, in the State of California.

10. Venue is proper in the Northern District of California pursuant to 28 U.S.C §1391(b) because all Defendants reside in this State, and, upon information and belief, at least one Defendant, Ronsin, resides in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

11. For the purposes of Local Rule 3-2(c), this action arises in San Francisco County, where a substantial part of the events or omissions which give rise to the claims alleged herein occurred, and in which a substantial part of the property that is the subject of this action is located.

## GENERAL ALLEGATIONS

12. With over twenty years of industry experience, Second Image is a recognized leader in litigation support throughout the State of California. Among other

3  **FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC.**

qualifications and services, Second Image is a registered professional photocopier under California Business and Professions Code §22450 *et seq.*, and accordingly, prepares and serves document subpoenas and, through a secure, proprietary, feature-rich online service, duplicates and distributes medical records to authorized parties, such as insurance companies, claims adjusters and law firms.

13. Second Image handles highly confidential documents, including subpoenaed medical records, which it makes available only to authorized parties. Because many of Second Image's services are web-based, Second Image takes great measures to ensure that all information and documents available on its website, http://www.secondimage.com, are secure.

14. For example, Second Image hosts both a public and private website. The public website provides general information about Second Image and its products and services, and is available to the general public through the URL http://www.secondimage.com. To gain access to more sensitive information, including client files, the user must enter Second Image's private website, which is only accessible by entering a dedicated username and password.

15. To obtain a username and password, a user must first request Second Image's services, by filling out a form on the public website, or by phoning Second Image and asking to contract with Plaintiff. Second Image then investigates the user to determine if the party is a bona fide potential customer to whom Second Image could and would provide services.

16. If the party is cleared as a bona fide potential customer, Second Image provides the party with a dedicated username and password, which grants them access to a secure, limited portion of the private website. Specifically, that party gains access to a portion of the private website created to host records associated with Second Image's services for that particular client. One client cannot gain access to another client's portion of the private website, or any records hosted thereon.

17. Second Image utilizes a secure server with a secure sockets layer (SSL)

1  containing 128 bit encryption.  This SSL encryption creates an encrypted link between
2  the Second Image website and a customer's web browser. This encrypted link ensures
3  that all data passed between the Second Image website and the customer's browser
4  remains private and secure.  Second Image also employs a Cisco Firewall, which
5  provides a multitude of advanced security services, to protect the security of hosted
6  records.  Second Image's network perimeter is scanned daily for vulnerabilities.

7      18.  On or about January 19, 2005, Second Image provided a demonstration of
8  its products and services to Defendant Christina Sanchez, a paralegal at the Law Offices
9  of Neal, Haushalter, Ray & Kurkhill (the "Law Firm").  Defendant Sanchez, on behalf of
10 the Law Firm, signed up for Second Image's services, via its webpage, that same day.  In
11 response, Sanchez received two confirmation emails.  The first email informed her that
12 her request to open an online account had been received and that for confidentiality and
13 safety reasons the account would take one business day to configure.  A second
14 subsequent email provided her with a username and password.  Both emails stated that
15 the information contained therein is confidential.

16     19.  On or about May 31, 2007, Second Image discovered from another client
17 that Defendant Ronsin had improperly accessed Second Image's private website.  Once
18 logged thereon, Defendant Ronsin used a variety of methods to breach Second Image's
19 security and to access restricted and private data, including highly confidential medical
20 records containing social security numbers and private medical data of patients.
21 Defendant Ronsin used this unlawful access to represent to current customers of Second
22 Image and, on information and belief, prospective customers of Second Image, that
23 Second Image's records were not secure, and to claim that Ronsin, in contrast,
24 purportedly provided greater security.  Defendant Ronsin used the username and
25 password provided to Sanchez in order to access Second Image's private website.

26     **DEFENDANTS' CONSPIRACY AND WRONGFUL ACTS**
27     20.  Upon information and belief, Defendants entered into an agreement to
28 unlawfully gain access to Second Image's private website, so as to gain access to

5  **FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC.**

Second Image's trade secrets, to pilfer Second Image's clients, and to obtain an unfair business advantage over Second Image.

21.     Upon information and belief, in furtherance of their conspiracy, Defendants portrayed Sanchez and/or the Law Firm as a bona fide consumer of Second Image's services so as to gain access to Second Image's private website through the use of the username and password provided to Sanchez.  Upon information and belief, in furtherance of the conspiracy, Defendants then hacked into other clients' accounts in other portions of the private website so as to unlawfully access over 100 patient records on 8 different occasions from January 31, 2005 through April 24, 2007.  At least 70 client accounts hosted on Second Image's private website were thus unlawfully accessed by Defendants.

22.     In addition to hacking into confidential files, Defendants have, in sales demonstrations to existing and, upon information and belief, prospective Second Image customers, made false representations about the security of records hosted on Second Image's private website, so as to gain an unfair business advantage.

23.     Moreover, in addition to hacking into confidential files, upon information and belief Defendants hacked into, and gained unlawful access to, Second Image's non-public and propietary information, including without limitation: source code, technical requirements, concepts and strategies, web layout, presentation, and synthezation techniques, pricing strategy, financing methods and costs, investory and sourcing strategy, customer data, including historical transactional data, and customer lists. Defendants' conspiratal and wrongful acts have damaged Second Image.

## FIRST CAUSE OF ACTION

*Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030*

**(As to All Defendants)**

24.     Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 23 of this First Amended Complaint.

25. Second Image's public website is accessible throughout the world. Its web server is used in interstate commerce and/or interstate communication and constitutes a protected computer under 18 U.S.C. §1030.

26. Defendants have intentionally accessed Second Image's protected computer without authorization, or in excess of the scope of authorized access, and by doing so and through interstate communication, have improperly obtained information.

27. Defendants have knowingly, and with the intent to defraud, accessed Second Image's protected computer without authorization, or in excess of authorized access, and by means of such conduct have furthered their intended fraud and obtained proprietary business information of Second Image.

28. Defendants have intentionally accessed Second Image's protected computer without authorization and by doing so have caused a loss to Second Image aggregating at least $5,000 in value.

29. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

## SECOND CAUSE OF ACTION

*Willful Misappropriation of Trade Secrets*

**(As to All Defendants)**

30. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 29 of this First Amended Complaint.

31. Second Image possesses trade secrets, including but not limited to source code, technical requirements, concepts and strategies, web layout, presentation, and synthezation techniques, pricing strategy, financing methods and costs, investory and sourcing strategy, customer data, including historical transactional data, and customer lists (the "Trade Secrets"). Second Image derives independent economic value, actual and potential, on account of the Trade Secrets not being generally known to the public or

to other persons who could obtain economic value from using the Trade Secrets. Second Image also makes efforts, which are reasonable under the circumstances, to protect the secrecy of its Trade Secrets.

32. Defendants' acts, as alleged above and otherwise, constitute a willful misappropriation of trade secrets in violation of California Civil Code section 3426 *et seq.*, in that Defendants acquired the Trade Secrets knowing or having reason to know that the Trade Secrets were acquired by improper means.

33. Defendants' acts as alleged above and otherwise, constitute a willful misappropriation of trade secrets in violation of California Civil Code section 3426 *et seq.*, in that Defendants disclosed and/or used the Trade Secrets without express or implied consent, and used improper means to acquire knowledge of the Trade Secrets.

34. Defendants' acts as alleged above and otherwise, constitute a willful misappropriation of trade secrets in violation of California Civil Code section 3426 *et seq.*, in that Defendants disclosed and/or used the Trade Secrets without express or implied consent, and at the time of their disclosure or use, knew or had reason to know that their knowledge of the Trade Secrets was: (a) Derived from or through a person who had utilized improper means to acquire the Trade Secrets; (b) Acquired under circumstances giving rise to a duty to maintain the secrecy of the Trade Secrets or to limit the Trade Secrets' use; or (c) Derived from or through a person who owed a duty to Second Image to maintain the secrecy of the Trade Secrets or to limit the Trade Secrets' use.

35. As a direct result of the foregoing, Second Image has suffered, and will continue to suffer, damages and irreparable harm, including but not limited to damage to its reputation. Moreover, as a direct result of the foregoing, Defendants have been unjustly enriched.

36. Defendants have used and continue to use the Trade Secrets as alleged herein, and unless restrained and enjoined, will continue to do so, all to Second Image's irreparable damage. It would be difficult to ascertain the amount of compensation which could afford Second Image adequate relief for such continuing acts, and a multiplicity of

1  judicial proceedings would be required. As such, Second Image's remedy at law is not
2  adequate to compensate it for the injuries threatened and incurred.

3      37.    Defendants have engaged in conduct of an oppressive, fraudulent, and
4  malicious nature, thereby entitling Second Image to an award of exemplary damages and
5  attorneys' fees and costs.

## THIRD CAUSE OF ACTION

*Federal Unfair Competition Comprising False and Misleading Statements of Fact*

*Under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)*

**(As to All Defendants)**

38. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 37 of this First Amended Complaint.

39. By engaging in the above-described activities, Defendants have made, or knowingly conspired and agreed to be made, false and misleading representations of fact in commercial promotions or advertising which misrepresent the nature, characteristics, qualities, or geographic origin of Defendants' and Plaintiff's goods, services, or commercial activities, all in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

40. Defendant Ronsin conducts business nationwide, and upon information and belief, services clients throughout the United States, utilizing channels of interstate commerce to communicate with such clients and carry out its business. Upon information and belief, Defendants engaged in the above-described misconduct in connection with their actual and potential nationwide client base. Upon information and belief, Defendants, in perpetrating this misconduct, falsely advertised their goods and services in interstate commerce, in order to keep existing clients and to obtain new clients, both in California and nationwide. Furthermore, Defendants caused their falsely advertised goods and services to enter interstate commerce.

41. As a direct and proximate result of the actions, conduct, and practices of

**FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC.**

Defendants alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

42. Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### *Intentional Interference with Contractual Relations*

### (As to All Defendants)

43. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 42 of this First Amended Complaint.

44. The aforesaid acts of Defendants constitute common tortious interference with Second Image's existing contractual relations with existing customers, in that Defendants were aware that Second Image had contractual relations with numerous third parties, including, without limitation, Kaiser Permanente and Interinsurance Exchange of the Automobile Club, and Defendants purposefully and intentionally acted to interfere with or induce others to interfere with the performance or existence of these contractual relations or to induce others to do so, or knowingly conspired and agreed to a common plan pursuant to such end, to the detriment of Second Image.

45. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image's contractual relations with third parties, including, without limitation, Kaiser Permanente and Interinsurance Exchange of the Automobile Club, were disrupted.

46. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

47. Plaintiff has no adequate remedy at law.

///
///
///

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## FIFTH CAUSE OF ACTION

*Intentional Interference with Prospective Economic Advantage*

**(As to All Defendants)**

48. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 47 of this First Amended Complaint.

49. The aforesaid acts of Defendants constitute common tortious interference with Second Image's prospective economic advantage with existing and prospective customers, in that Defendants were aware that Second Image was engaged in a valid and existing business relationship with numerous third parties, including, without limitation, Kaiser Permanente and Interinsurance Exchange of the Automobile Club, and acted purposefully and intentionally to prevent the coming to fruition of potential economic advantages Defendants knew to exist, or knowingly conspired and agreed to a common plan pursuant to such end, with the intent of harming Second Image.

50. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image's valid and existing business relationships with third parties, including, without limitation, Kaiser Permanente and Interinsurance Exchange of the Automobile Club, were disrupted.

51. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

52. Plaintiff has no adequate remedy at law.

## SIXTH CAUSE OF ACTION

*Defamation*

**(As to All Defendants)**

53. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 52 of this First Amended Complaint.

54. Defendants have made, or knowingly conspired and agree to be made,

false statements to prospective and existing customers regarding the confidentiality and security of information and documents hosted by Second Image.

55. Defendants' statements constitute defamation *per se*, in that they defame Plaintiff in its trade.

56. Defendants have further made, or knowingly conspired and agreed to be made, false statements regarding Defendants themselves, in relation to Second Image, falsely asserting non-existent qualities or attributes in comparison or contrast to Second Image, designed to falsely credit Defendants for qualities they did not or do not possess.

57. Defendants knew or should have known that the statements published were false.

58. Defendants published these statements to various third parties without privilege.

59. As a proximate result of the foregoing acts, these Defendants have caused actual harm and are liable to Second Image for damages in an amount to proven at trial.

60. Defendants have engaged in conduct of a malicious, oppressive, or fraudulent nature, thereby entitling Second Image to an award of punitive damages.

61. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

62. Second Image has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION

*Computer Fraud Under the Comprehensive Computer Data and Access Act,*

*California Penal Code Section 502(c)*

**(As to All Defendants)**

63. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 62 of this First Amended Complaint.

64. Defendants knowingly accessed and without permission used the

computer, computer systems, or computer networks of Second Image with the intent of executing a scheme or artifice to defraud, deceive, or extort, or to wrongfully control or obtain money, property or data of Second Image.

65. Defendants knowingly accessed and without permission took or copied or made use of the data from Second Image's computer, computer systems, or computer networks.

66. Defendants knowingly and without permission accessed, caused to be accessed, or provided or assisted in providing a means of accessing, Second Image's computer, computer system, or computer network in violation of California Penal Code §502(c).

67. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

68. Second Image has no adequate remedy at law.

## EIGHTH CAUSE OF ACTION

### *Trespass to Chattels*

### (As to All Defendants)

69. Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 68 of this First Amended Complaint.

70. Defendants intentionally and without authorization, or by exceeding the scope of authorization, interfered with Second Image's possession or possessory interest in its computer system.

71. As a direct and proximate result of the actions, conduct, and practices of Defendants' alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

72. Second Image has no adequate remedy at law.

## NINTH CAUSE OF ACTION

### *Negligence*

### (As to Sanchez)

73.  Second Image repeats, realleges, and incorporates each and every allegation set forth in paragraphs 1 through 72 of this First Amended Complaint.

74.  Defendant Sanchez, as an employee of a Second Image customer, had an ongoing duty to Second Image to maintain as confidential the username and password provided to her by Second Image and/or her employer.

75.  In breach of that duty, Sanchez exceeded the scope of her authorized access of Second Image's private website, and/or provided her username and password to the remaining Defendants, so as to facilitate their unauthorized access of Second Image's private website.

76.  As a direct and proximate result of the actions, conduct, and practices of Sanchez alleged above, Second Image has suffered, and will continue to suffer, damages and irreparable harm.

77.  Second Image has no adequate remedy at law.

## PRAYER

WHEREFORE, Second Image prays that this Court enter judgment in its favor on each and every claim set forth above, and further prays an award to Plaintiff of:

1. A preliminary and permanent injunction enjoining Defendants and their agents, employees, representatives, and successors and predecessors in interest from:
    a. Accessing restricted and private data hosted on Plaintiff's website; and
    b. Making false and defamatory statements about Plaintiff regarding the security of records hosted on Plaintiff's website;
2. An award of compensatory and/or statutory damages in an amount to be determined at trial;

3. Punitive and exemplary damages in an amount to be determined at trial, to serve as punishment and deterrent in light of Defendants' substantial wrongful acts;

4. A public retraction by Defendant Ronsin relating to all false and defamatory statements made about Plaintiff Second Image;

5. Plaintiff's costs and attorneys' fees in this action;

6. Pre-judgment and post-judgment interest; and

7. Such other further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

DATED: December 28, 2007             KRONENBERGER BURGOYNE, LLP

By: _____/s/_____
Deepa Krishnan
Attorneys for Plaintiff
Second Image, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

15

**FIRST AMENDED COMPLAINT OF SECOND IMAGE, INC.**

1 **REQUEST FOR JURY TRIAL**

2 Plaintiff hereby demands a trial of this action by jury.

4 DATED:  December 28, 2007				KRONENBERGER BURGOYNE, LLP

5							By: _____/s/_____
							     Deepa Krishnan
6							     Attorneys for Plaintiff
							     Second Image, Inc.