**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>Defendants. | Case No. C-07-05242-PJH<br><br>**PLAINTIFF SECOND IMAGE, INC.'S OPPOSITION TO DEFENDANT SANCHEZ'S MOTION FOR RELIEF; DECLARATION OF DEEPA KRISHNAN IN SUPPORT THEREOF.** |
| AND RELATED CROSS-CLAIM | |

**PLAINTIFF'S OPPOSITION TO MOTION FOR RELIEF**

1  Plaintiff Second Image, Inc. ("Plaintiff") hereby opposes the Motion for Relief
2  ("Motion") of Defendant and Cross-Claimant Christina Sanchez ("Sanchez").

3  **MEMORANDUM OF POINTS AND AUTHORITIES**

4  While Sanchez has not styled her Motion as an *ex parte* application, the effect is
5  one and the same, as the requested relief pertains to a Case Management Conference
6  ("CMC") that is only nine days away.  Under Rule 6(b), a Court may sign an *ex parte*
7  order extending the time within which any act is required or allowed to be done for "good
8  cause".  However, Sanchez's purported reasons for this six-week continuance to do not,
9  by any stretch, constitute good cause.

10  First, Sanchez suggests that the CMC should be continued because, among other
11  reasons, she may challenge jurisdiction. (Motion, ¶ F).  However, to date, Sanchez has
12  failed to raise any jurisdictional concerns, filing not only an answer but also a cross-claim
13  to Plaintiff's original complaint and even now, stating that she is "unsure whether she will
14  challenge the Court's jurisdiction." (Id.) By voluntarily submitting to the Court's
15  jurisdiction, particularly by filing a cross-claim in this action when not obligated to do so,
16  Sanchez is barred from challenging jurisdiction.  See e.g., CALIFORNIA PRACTICE GUIDE:
17  FEDERAL CIVIL PROCEDURE BEFORE TRIAL, §8:328 ("Cross-claims are merely optional. No
18  matter how closely related they are to the subject matter of the complaint, claims against
19  coparties are never compulsory. Hence, they are not waived by failure to assert them.").

20  Next, Sanchez claims that Defendant Ronsin ("Ronsin") may challenge
21  jurisdiction.  However, a co-Defendant and cross-Defendant's activities seemingly would
22  not preclude Sanchez from participating in a meet and confer and exchange of initial
23  disclosures with Plaintiff.  Indeed, on January 4, 2008, in response to Plaintiff's request
24  for a Rule 26(f) conference, Sanchez's counsel expressed his availability and willingness
25  to participate. (Declaration of Deepa Krishnan, "Krishnan Decl.", ¶ 3.)

26  Regarding Ronsin, its counsel emailed on the evening of January 4, 2008, stating
27  that his participation in a Rule 26(f) conference might waive certain jurisdictional
28  challenges given a forthcoming Motion to Dismiss.  (Id.)  However, counsel did not

explain the grounds for the renewed motion. When prodded by Plaintiff as to how a Rule 26(f) conference would result in a waiver of subject jurisdiction challenges (as personal jurisdiction has not, to date, been challenged), Ronsin failed to respond. (Id., ¶ 4.) The parties continued corresponding through January 7, 2008, during the course of which Defendants requested a stipulation to continue the Case Management Conference ("CMC"). (Id., ¶ 5.) Counsel for Plaintiff expressed concern at delaying the CMC, and offered to stipulate that a Rule 26(f) conference would not be argued as a waiver of any jurisdictional argument. Again, Ronsin failed to respond. (Id.) The next day, Sanchez filed the instant Motion. (Id., ¶ 6.) Ronsin has not filed a renewed Motion to Dismiss or joined in Sanchez's Motion.

Sanchez's last purported reason for a continuance, that the "parties have not yet met and conferred regarding Fed. R. Civ. P. 26(f)" (Motion, ¶ F) is therefore without merit and, in fact, misleading. This matter has been pending before the Court for over three months; even after the Court's hearing on Ronsin's Motion to Dismiss, Defendants continue to delay this litigation due to unidentifiable and unsupportable jurisdictional fears. Defendants should not, particularly given Plaintiff's many requests to meet and confer and accommodate such concerns, be allowed to benefit from the self-manufactured delay. An additional six weeks is unnecessary.

Respectfully Submitted,

KRONENBERGER BURGOYNE, LLP

Dated:     January 8, 2008                     /s/
                                               Deepa Krishnan
                                               Attorneys for Plaintiff
                                               Second Image, Inc.

3     **PLAINTIFF'S OPPOSITION TO MOTION FOR RELIEF**

## **DECLARATION OF DEEPA KRISHNAN**

I, Deepa Krishnan, declare as follows:

1. I am an attorney admitted to practice in the State of California. I am an attorney at the law firm of Kronenberger Burgoyne, LLP, counsel of record for Plaintiff Second Image, Inc. ("Plaintiff"). Unless otherwise stated, I have personal knowledge of the facts stated herein.

2. In December, 2007, the parties to this action held an initial telephone conference. I understood that this call was to serve as a Rule 26(f) conference; however, counsel for Ronsin Photocopy, Inc. ("Ronsin") expressed jurisdictional concerns at the onset of the call. Accordingly, and as Ronsin had a Motion to Dismiss pending, we agreed to continue our call until after the hearing on Ronsin's motion.

3. On January 4, 2008, I contacted counsel regarding the Rule 26(f) conference, requesting that we meet and confer in order to timely complete our Rule 26(f) report, Case Management Conference Statement, and initial disclosures. Counsel for Sanchez responded and stated his willingness and availability to participate. Counsel for Ronsin stated he was unwilling to participate due to jurisdictional reasons.

4. I asked counsel for Ronsin whether he had additional bases for a jurisdictional motion, and why he believed a Rule 26(f) conference would somehow jeopardize or waive subject matter jurisdiction arguments. Counsel did not respond.

5. On January 7, 2008, Defendants suggested that the parties stipulate to a continued Case Management Conference ("CMC"). I explained that counsel for Plaintiff was willing to meet and confer immediately, and that we saw no reason to delay the CMC and to move the case forward to hopefully redress wrongs committed against our client, particularly when Ronsin had failed to set forth any new bases for jurisdictional challenges or to explain how a Rule 26(f) call would jeopardize its jurisdiction arguments. I offered to stipulate that the call would not be deemed by Plaintiff as a waiver of any of Ronsin's forthcoming arguments in a Motion to Dismiss. Ronsin failed to respond.

4    **PLAINTIFF'S OPPOSITION TO MOTION FOR RELIEF**

6. On January 8, 2008, Plaintiff was served with a "Motion for Relief" filed by Defendant Sanchez.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 8th day of January 2008, at San Francisco, CA.

/s/<br>Deepa Krishnan