**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>  Defendants. | Case No. C-07-05242-PJH<br><br>**PLAINTIFF SECOND IMAGE, INC.'S CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND NORTHERN DISTRICT OF CALIFORNIA STANDING ORDER**<br><br>Conference Date: January 17, 2008<br>Time:  2:30 PM<br>Judge:  Hon. Phyllis J. Hamilton |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Northern District of California Standing Order, Plaintiff Second Image, Inc. ("Plaintiff" or "Second Image") respectfully submits the following Rule 26(f) Report and Case Management Conference Statement (the "Statement"). Before preparing this Statement, Plaintiff made multiple attempts to meet and confer with Defendant Ronsin Photocopy, Inc. ("Ronsin") as well as Defendant Christina Sanchez ("Sanchez") (collectively, "Defendants"). Defendants have refused to participate, citing jurisdictional concerns; Sanchez has filed a Motion for Relief to postpone the Case Management Conference which the Court has denied. Due to Defendants' unwillingness to participate in a meet and confer, this Report and Statement is submitted on behalf of Plaintiff only. Plaintiff remains open to filing a Joint Statement once Defendants agree to participate in, and the parties hold, a Rule 26(f) conference.

## I. JURISDICTION AND SERVICE

Plaintiff asserts that this Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Supplemental jurisdiction over claims arising under the law of the State of California is conferred upon this Court under 28 U.S.C. § 1367.

This Court has personal jurisdiction over Ronsin, as Ronsin is a California Corporation, with its principal place of business within the State of California, and its agent for service of process located within the State of California. This Court has personal jurisdiction over Sanchez, as Sanchez is a resident of this State, whose intentional and unlawful conduct was performed in California, and the deleterious effects of which were felt most severely by Plaintiff, a California resident, in the State of California.

Plaintiff served Ronsin on or about October 23, 2007. Plaintiff served Sanchez on or about October 22, 2007. Both Defendants have accepted service and filed responsive pleadings and there are no outstanding claims disputing adequacy of service.

## II. FACTS

1. Second Image is a registered professional photocopier under Business and Professions Code § 22450 *et seq*., and accordingly, prepares and serves document subpoenas and, through a secure, proprietary, feature-rich online service, duplicates and distributes medical records to authorized parties, such as insurance companies, claims adjusters and law firms.

2. Second Image handles highly confidential documents, including subpoenaed medical records which can be made available only to authorized parties. Because many of Second Image's services are web-based, Second Image takes great measures to ensure that all information and documents available on its website, http://www.secondimage.com, are secure. Details of these measures are set forth in Plaintiff's Complaint at paragraphs 14 through 17.

3. On or about January 19, 2005, Second Image provided a demonstration of its products and services to Defendant Christina Sanchez, a paralegal at the Law Offices of Neal, Haushalter, Ray & Kurkhill (the "Law Firm"). Sanchez, on behalf of the Law Firm, signed up for Second Image's services, via its webpage, that same day. In response, Sanchez received two confirmation emails. The first email informed her that her request to open an online account had been received and that for confidentiality and safety reasons the account would take one business day to configure. A second subsequent email provided her with a username and password. Both emails stated that the information contained therein is confidential.

4. On or about May 31, 2007, Second Image discovered from another client that Ronsin had improperly accessed Second Image's private website. Once logged thereon, Ronsin used a variety of methods to breach Second Image's security and access restricted and private data, including highly confidential medical records containing social security numbers and private medical data of patients. Ronsin used this unlawful access to represent to current customers of Second Image and, on information and belief, prospective customers of Second Image, that Second Image's

records were not secure, and to claim that Ronsin, in contrast, purportedly provided greater security. Ronsin used the username and password provided to Sanchez in order to access Second Image's private website.

5. Defendants' actions are simultaneously being investigated as a criminal matter.

## III. LEGAL ISSUES

As the parties have not met and conferred, Plaintiff is unable to address this point for the Court. Plaintiff does anticipate that Ronsin will continue to challenge subject matter jurisdiction and that both Defendants will challenge liability, adequacy of proof, and damages.

## IV. MOTIONS

On November 13, 2007, Ronsin filed a Motion to Dismiss, or in the Alternative, to Transfer. On December 21, 2007, the Court issued an order denying Ronsin's Motion to Dismiss for improper venue as well as Ronsin's alternative motion to transfer venue. The Court granted Ronsin's motion to dismiss Plaintiff's first cause of action for violation of the Computer Fraud and Abuse Act and third cause of action under Section 43(a) of the Lanham Act, but gave Second Image leave to amend each cause to cure deficiencies. Plaintiff filed its Amended Complaint on or about December 28, 2007. Defendants' responses are due on January 17, 2008.

On or about January 8, 2008, Sanchez filed a Motion for Relief from Order Setting Initial Case Management Conference. On January 10, 2007, the Court denied the motion.

Plaintiff intends to file a Motion for Summary Judgment after the exchange of disclosures and discovery.

## V. AMENDMENT OF PLEADINGS

Plaintiff filed an Amended Complaint on December 28, 2007. Plaintiff intends, and reserves the right, to further amend its complaint upon the discovery of the true names of the Doe defendants. Plaintiff proposes a deadline of May 30, 2008 for further

1  amendment of the pleadings.

## VI. EVIDENCE PRESERVATION

Plaintiff is preserving any and all evidence that could reasonably be relevant to this action. Plaintiff's attorneys of record and their staff are taking similar action with respect to evidence coming to their attention.

On December 14, 2007, Plaintiff sent a letter to each defendant reminding each of their obligation to preserve all evidence, including electronically-stored evidence, relevant to this litigation.

## VII. INITIAL DISCLOSURES

Because the parties have not met nor conferred, and Ronsin claims that meeting and conferring may waive certain unspecified jurisdictional rights, the parties are unlikely to make initial disclosures on or before January 10, 2008.

## VIII. DISCOVERY (Fed. R. Civ. Pro. 26(f))

### A. Discovery Taken to Date

To date, no party has served any discovery.

### B. Changes or Limitations on Discovery

Plaintiff does not suggest that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1).

Plaintiff does not presently propose that any changes be made from the discovery rules in the Federal Rules of Civil Procedure nor the Local Rules of the Northern District of California

### C. Subjects of Discovery

Plaintiff anticipates propounding discovery on the following general subjects:

1. Defendant's business models, specifically regarding the online nature of retrieving and hosting records;
2. Defendants' methods of unlawfully accessing Plaintiff's data;
3. Any and all information, including trade secrets, obtained thereby;
4. Defendant's sales and marketing efforts including presentations and telephone

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

calls to existing and potential clients from January 2005 onward;

5. Relationship between Defendants;

6. The relay and use of such information;

7. Profits, revenues, or business leads unlawfully obtained thereby;

8. All witnesses or persons with potential knowledge of the above.

**D.     Electronic Discovery**

Plaintiff anticipates electronic discovery to be an important and irreplaceable source of discovery in this matter. Plaintiff believes any and all discoverable electronic evidence must be produced in its native format along with any software and/or passwords required to access the information. Plaintiff has informed Defendants of same and has circulated a notice detailing preservation obligations and potential categories of discoverable electronic information.

**XI.    RELATED CASES**

Plaintiff knows of no cases related to this action.

**X.     RELIEF SOUGHT**

Plaintiff seeks a preliminary and permanent injunction enjoining Defendants and their agents, employees, representatives, successors and predecessors in interest from:

  a.   accessing restricted and private data hosted on Plaintiff's website; and

  b.   making false and defamatory statements about Plaintiff regarding the
       security of records hosted on Plaintiff's website.

Plaintiff also seeks:

  a.   compensatory and/or statutory damages in an amount to be
       determined at trial (compensatory damages to be determined by calculating
       Plaintiff's lost profits);

  b.   punitive and exemplary damages in an amount to be determined at
       trial, to serve as punishment and a deterrent in light of Defendants'
       substantial wrongful acts;

  c.   a public retraction by Defendant Ronsin relating to all false and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

defamatory statements made by Ronsin about Plaintiff Second Image; and,

    d.    attorneys' fees and costs in this action as well as pre-judgment and post-judgment interest.

## XI. SETTLEMENT AND ADR

Pursuant to the underlying rule, Plaintiff has attempted to meet and confer with Defendants regarding ADR selection. Plaintiff is amenable to mediation and has advised Defendants of same. Defendants have challenged the appropriateness of an ADR discussion at this juncture. Plaintiff's counsel intends to file an ADR Certification by January 14, 2008 and either (1) a Stipulation and [Proposed] Order Selecting ADR Process, or (2) a Notice of Need for ADR Phone Conference as soon as possible.

The likelihood of settlement is presently unknown due to Defendants' failure to meet and confer pursuant to Rule 26(f). Plaintiff is willing to discuss settlement options.

## XII. MAGISTRATE JUDGE

At this juncture, Plaintiff is not willing to consent to a magistrate judge conducting all further proceedings.

## XIII. OTHER REFERENCES

Plaintiff does not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

Plaintiff does not believe the parties are presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

## XV. EXPEDITED SCHEDULE

Plaintiff does not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

///

## XVI. SCHEDULING

Plaintiff believes the currently scheduled Case Management Conference on January 17, 2008 is critical for moving the processing and scheduling of the case forward. Plaintiff proposes the following dates and deadlines:

| | |
|---|---|
| Designation of Experts | October, 2008 |
| Discovery Cut-Off | October, 2008 |
| Hearing on Dispositive Motions | February, 2009 |
| Pretrial Conference | May, 2009 |
| Trial | June, 2009 |

## XVII. TRIAL

Plaintiff has requested a jury trial in this action. Plaintiff estimates trial will require approximately five to seven days.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITITES OR PERSONS

Plaintiff filed a Certification of Interested Entities or Persons on or about October 12, 2007, stating that, other than the named parties, there is no such interest to report. Plaintiff notes that additional unnamed and yet to be identified individuals may be added as defendants as a result of further investigation and discovery.

KRONENBERGER BURGOYNE, LLP

Dated:       January 10, 2008                      /s/
                                          Karl Kronenberger
                                          Attorneys for Plaintiff
                                          Second Image, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com