**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>Defendants. | Case No. C-07-05242-PJH<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F) AND NORTHERN DISTRICT OF CALIFORNIA STANDING ORDER**<br><br>Conference Date: January 17, 2008<br>Time: 2:30 PM<br>Judge: Hon. Phyllis J. Hamilton |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Northern District of California Standing Order, Plaintiff Second Image, Inc. ("Plaintiff" or "Second Image") and Defendants Ronsin Photocopy, Inc. ("Ronsin") and Christina Sanchez ("Sanchez")(collectively "Defendants") respectfully submit the following Rule 26(f) Report and Case Management Conference Statement (the "Statement"). The parties file this joint Statement belatedly because Defendants, due to jurisdictional concerns, refrained from participating; Counsel for Sanchez filed a Motion for Relief to postpone the Case Management Conference which the Court has denied. All parties have agreed that Ronsin's participation in the Rule 26 conference is not a waiver of its affirmative defense challenging the subject matter jurisdiction. The parties have now met and conferred. All parties now jointly submit this Statement.

## I. JURISDICTION AND SERVICE

Plaintiff asserts that this Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Supplemental jurisdiction over claims arising under the law of the State of California is conferred upon this Court under 28 U.S.C. § 1367.

Defendant Ronsin disputes the Court's subject matter jurisdiction in this matter. Defendant Ronsin's motion to dismiss the federal claims contained in the original Complaint in this action was granted by this court, with Plaintiff given leave to amend. Plaintiff has now filed a First Amended Complaint. Defendant Ronsin is filing a Motion to Dismiss the federal claims contained in the First Amended Complaint. Should the motion be granted, this court would not have subject matter jurisdiction.

Defendant Sanchez contends that the First Amended Complaint does not allege facts sufficient to establish that the court has original subject matter jurisdiction over plaintiff's claims pursuant to either of the statutes cited, and that this court also does not have corresponding supplemental state court jurisdiction.

This Court has personal jurisdiction over Ronsin, as Ronsin is a California

Corporation, with its principal place of business within the State of California, and its agent for service of process located within the State of California. This Court has personal jurisdiction over Sanchez, as Sanchez is a resident of this State, whose intentional and unlawful conduct was performed in California, and the deleterious effects of which were felt most severely by Plaintiff, a California resident, in the State of California.

Plaintiff served Ronsin on or about October 23, 2007. Plaintiff served Sanchez on or about October 22, 2007. The parties agree that both Defendants have accepted service and filed timely responsive pleadings and there are no outstanding claims disputing adequacy of service.

## II. FACTS

### a. Plaintiff's Statement (Contested by Defendants)

1. Second Image is a registered professional photocopier under Business and Professions Code § 22450 *et seq.*, and accordingly, prepares and serves document subpoenas and, through a secure, proprietary, feature-rich online service, duplicates and distributes medical records to authorized parties, such as insurance companies, claims adjusters and law firms.

2. Second Image handles highly confidential documents, including subpoenaed medical records which can be made available only to authorized parties. Because many of Second Image's services are web-based, Second Image takes great measures to ensure that all information and documents available on its website, http://www.secondimage.com, are secure. Details of these measures are set forth in Plaintiff's Complaint at paragraphs 14 through 17.

3. On or about January 19, 2005, Second Image provided a demonstration of its products and services to Defendant Christina Sanchez, a paralegal at the Law Offices of Neal, Haushalter, Ray & Kurkhill (the "Law Firm"). Sanchez, on behalf of the Law Firm, signed up for Second Image's services, via its webpage, that same day. In response, Sanchez received two confirmation emails. The first email informed her that

her request to open an online account had been received and that for confidentiality and safety reasons the account would take one business day to configure. A second subsequent email provided her with a username and password. Both emails stated that the information contained therein is confidential.

4.  On or about May 31, 2007, Second Image discovered from another client that Ronsin had improperly accessed Second Image's private website. Once logged thereon, Ronsin used a variety of methods to breach Second Image's security and access restricted and private data, including highly confidential medical records containing social security numbers and private medical data of patients. Ronsin used this unlawful access to represent to current customers of Second Image and, on information and belief, prospective customers of Second Image, that Second Image's records were not secure, and to claim that Ronsin, in contrast, purportedly provided greater security. Ronsin used the username and password provided to Sanchez in order to access Second Image's private website.

5.  Defendants' actions are simultaneously being investigated as a criminal matter.

### b. Defendants' Statement (Contested by Plaintiff)

6.  Defendants deny all allegations of Plaintiff contained in the First Amended Complaint. In fact, Ronsin will be filing a cross complaint against Second Image seeking injunctive relief and damages based on a number of business torts, such as inference with client relations, defamation, unfair business practice and filing false police report. Ronsin contends that Second Image is a competitor. Ronsin discovered that Second Image's web site was unsecure and patient data was not property secured as required under the law. Ronsin blew the whistle and informed one its mutual clients Kaiser. In retaliation, Second Image has now concocted the allegations of foul play against Ronsin.

## III. LEGAL ISSUES

Ronsin is challenging subject matter jurisdiction. Both Defendants will challenge liability, adequacy of proof, and damages.

Case No. C-07-05242-PJH    4    **JOINT CASE MANAGEMENT STATEMENT AND 26(F) REPORT**

1    Sanchez contends that she has no liability for the conspiracy alleged in the
2  complaint unless plaintiff proves that she was aware that Ronsin planned to commit the
3  torts it allegedly committed, and that she agreed and intended that those torts be
4  committed.  See *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th
5  503, 510-11.

### IV. MOTIONS

On November 13, 2007, Ronsin filed a Motion to Dismiss, or in the Alternative, to Transfer.  On December 21, 2007, the Court issued an order denying Ronsin's Motion to Dismiss for improper venue as well as Ronsin's alternative motion to transfer venue.  The Court granted Ronsin's motion to dismiss Plaintiff's first cause of action for violation of the Computer Fraud and Abuse Act and third cause of action under Section 43(a) of the Lanham Act, but gave Second Image leave to amend each cause to cure deficiencies. Plaintiff filed its Amended Complaint on or about December 28, 2007. Defendants' responses are due on January 17, 2008.

On or about January 8, 2008, Sanchez filed a Motion for Relief from Order Setting Initial Case Management Conference.  On January 10, 2007, the Court denied the motion.

Plaintiff intends to file a Motion for Summary Judgment after the exchange of disclosures and discovery. Defendants may also file Motions for Summary Judgment after the exchange of disclosures and discovery.

### V. AMENDMENT OF PLEADINGS

Plaintiff filed an Amended Complaint on December 28, 2007.  Plaintiff intends, and reserves the right, to further amend its complaint upon the discovery of the true names of the Doe defendants. Plaintiff proposes a deadline of May 30, 2008 for further amendment of the pleadings.

Defendant Ronsin plans on filing a Cross-Complaint in this action against Plaintiff.

### VI. EVIDENCE PRESERVATION

Plaintiff is preserving any and all evidence that could reasonably be relevant to

this action. Plaintiff's attorneys of record and their staff are taking similar action with respect to evidence coming to their attention.

On December 14, 2007, Plaintiff sent a letter to each defendant reminding each of their obligation to preserve all evidence, including electronically-stored evidence, relevant to this litigation.

## VII. INITIAL DISCLOSURES

Plaintiff prefers to exchange initial disclosures as soon as possible.

Defendant Ronsin does not wish to have initial disclosures until its motion to dismiss is heard by the court. Should the motion to dismiss, the Plaintiff will have to re-file the matter in state court. The discovery rules of state court are very different than the discovery rules of Federal Court. Strategically, Defendant Ronsin will be in the unfair position having disclosed extensive discovery to Plaintiff before the case is filed in state court. Plaintiff would have "free" discovery against Defendant Ronsin before the case is even filed in state court. This would be an unfair use of the discovery process.

## VIII. DISCOVERY (Fed. R. Civ. Pro. 26(f))

### A. Discovery Taken to Date

To date, no party has served any discovery.

### B. Changes or Limitations on Discovery

Plaintiff does not suggest that any changes be made in the timing, form, or requirement for disclosures under Rule 26(a)(1).

Plaintiff does not presently propose that any changes be made from the discovery rules in the Federal Rules of Civil Procedure nor the Local Rules of the Northern District of California.

Defendants suggest that due to the size and complexity of this matter that the Special Interrogatory limit contained in the Federal Rules of Civil Procedure be increased to 75 interrogatories per party.

### C. Subjects of Discovery

Plaintiff anticipates propounding discovery on the following general subjects:

1. Defendant's business models, specifically regarding the online nature of retrieving and hosting records;
2. Defendants' methods of unlawfully accessing Plaintiff's data;
3. Any and all information, including trade secrets, obtained thereby;
4. Defendant's sales and marketing efforts including presentations and telephone calls to existing and potential clients from January 2005 onward;
5. Relationship between Defendants;
6. The relay and use of such information;
7. Profits, revenues, or business leads unlawfully obtained thereby;
8. All witnesses or persons with potential knowledge of the above.

Defendant Ronsin anticipates propounding discovery on the following general subjects:

1. Plaintiff's business models, specifically regarding the online nature of retrieving and hosting records;
2. Plaintiff's HIPAA compliance, or lack thereof;
3. Types of trade secrets allegedly compromised by Ronsin;
4. Plaintiff's sales and marketing efforts to existing and potential clients;
5. Business relationship between Plaintiff and Defendants;
6. Profits, revenues or business leads allegedly lost due to Ronsin's alleged actions;
7. All witnesses or persons with potential knowledge of the above;
8. Plaintiff's allegations as outlined in its complaint;
9. Indemnity claims by Sanchez;
10. And all other issues as they may develop during discovery or pleading stage.

Sanchez anticipates propounding discovery on the following general subjects:

1. Facts which support plaintiff's contention that Ronsin obtained a secure

username and password from Sanchez;

2. Information and documents available on plaintiff's secured website by means of the username and password provided to Sanchez;

3. Injuries and damages suffered by plaintiff as a result of Sanchez allegedly providing Ronsin with her username and password.

All parties reserve the right to challenge the scope of each other's discovery at a later time.

### D. Electronic Discovery

Plaintiff anticipates electronic discovery to be an important and irreplaceable source of discovery in this matter. Plaintiff believes any and all discoverable electronic evidence must be produced in its native format along with any software and/or passwords required to access the information. Plaintiff has informed Defendants of same and has circulated a notice detailing preservation obligations and potential categories of discoverable electronic information.

Sanchez requests that any electronic data on the Law Firm's computers be protected as to the right of privacy of the Law Firm's clients and as to attorney-client privilege and work product doctrine.

## XI. RELATED CASES

Plaintiff knows of no cases related to this action.

## X. RELIEF SOUGHT

Plaintiff seeks a preliminary and permanent injunction enjoining Defendants and their agents, employees, representatives, successors and predecessors in interest from:

    a.    accessing restricted and private data hosted on Plaintiff's website; and

    b.    making false and defamatory statements about Plaintiff regarding the security of records hosted on Plaintiff's website.

Plaintiff also seeks:

    a.    compensatory and/or statutory damages in an amount to be

|   |   |   |
|---|---|---|
|   |   | determined at trial (compensatory damages to be determined by calculating Plaintiff's lost profits); |
|   | b. | punitive and exemplary damages in an amount to be determined at trial, to serve as punishment and a deterrent in light of Defendants' substantial wrongful acts; |
|   | c. | a public retraction by Defendant Ronsin relating to all false and defamatory statements made by Ronsin about Plaintiff Second Image; and, |
|   | d. | attorneys' fees and costs in this action as well as pre-judgment and post-judgment interest. |

Defendant Ronsin plans on filing a Cross-Complaint against Plaintiff seeking injunctive relief and damages.

Sanchez seeks indemnity and contribution from Ronsin for any damages for which Sahchez is found liable as a result of the actions of Ronsin.  Sanchez will also seek recovery of her attorneys fees and costs from plaintiff and from Ronsin.

## XI. <u>SETTLEMENT AND ADR</u>

Plaintiff is amenable to mediation and has advised Defendants of same.  Plaintiff's counsel filed an ADR Certification on January 11, 2008.  The Parties intend to file either (1) a Stipulation and [Proposed] Order Selecting ADR Process, or (2) a Notice of Need for ADR Phone Conference as soon as possible.

Defendants are amenable to mediation as long as the mediation is conducted in Southern California.  This is requested because all parties that need to be present at the mediation are located in Southern California.

The likelihood of settlement is presently unknown; Plaintiff is willing to discuss settlement options.

## XII. <u>MAGISTRATE JUDGE</u>

At this juncture, Plaintiff and defendants are not willing to consent to a magistrate judge conducting all further proceedings.

### XIII. OTHER REFERENCES

All parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XIV. NARROWING OF ISSUES

The parties do not believe the parties are presently in a position to address whether it is feasible or desirable to: (a) narrow the issues in the case by agreement or motion, (b) bifurcate the issues, claims or defenses at trial, or (c) reduce the length of trial by stipulation, use of summaries, or other expedited means of presenting issues.

### XV. EXPEDITED SCHEDULE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

### XVI. SCHEDULING

Plaintiff believes the currently scheduled Case Management Conference on January 17, 2008 is critical for moving the processing and scheduling of the case forward. The parties propose the following dates and deadlines:

| | |
|---|---|
| Designation of Experts | December, 2008 |
| Discovery Cut-Off | December, 2008 |
| Hearing on Dispositive Motions | April, 2009 |
| Pretrial Conference | July, 2009 |
| Trial | August, 2009 |

### XVII. TRIAL

The parties have requested a jury trial in this action. Plaintiff estimates trial will require approximately seven to ten days. Defendants estimate trial will be approximately 10-12 days.

### XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITITES OR PERSONS

Plaintiff filed a Certification of Interested Entities or Persons on or about October

12, 2007, stating that, other than the named parties, there is no such interest to report. Plaintiff notes that additional unnamed and yet to be identified individuals may be added as defendants as a result of further investigation and discovery.

Defendant Ronsin has filed a Certification of interest Entities or Persons in this matter along with their original motion to dismiss. The certificate stated that there is no such interest to report.

Sanchez is not aware of any other interested parties.

KRONENBERGER BURGOYNE, LLP

Dated: January 16, 2008

/s/
Karl Kronenberger, , Esq.
Attorneys for Plaintiff
Second Image, Inc.

MOHAJERIAN INC.

Dated: January 16, 2008

Al Mohajerian, Esq.
Attorneys for Defendant Ronsin Photocopy, Inc.

CESARI, WERNER & MORIARTY

Dated: January 16, 2008

/s/
Stephen Dahm, Esq.
Attorneys for Defendant Christina Sanchez