

MOHAJERIAN INC
AL MOHAJERIAN, CSBN 182013
AARON G. CAPPS, CSBN 215803
A Professional Law Corporation
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel: (310) 556-3800/Fax: (310) 556-3817

Attorney for Defendant Ronsin Photocopy, Inc.

FOR COURT USE ONLY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SECOND IMAGE, INC., a California Corporation

Plaintiff(s),

vs.

RONSIN PHOTOCOPY, a California Corporation; CHRISTINA SANCHEZ, an individual ; and DOES 1 through 10

Defendant(s).

CASE NO.: C075242

**NOTICE OF MOTION AND MOTION TO DISMISS PURUSANT TO RULE 12(b)(1), RULE 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE (28 U.S.C. § 1404 (a))**

DATE: February 27, 2008
TIME: 9: 00 a.m.
DEPT: 3

**Honorable Judge Phyllis J. Hamilton**

**TO PLAINTIFF AND ITS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on February 27, 2008 9:00 AM, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable Phyllis J. Hamilton located at Federal Building 17th Floor, Courtroom 3, 450 Golden Gate Avenue, San Francisco, California, Defendant Ronsin Photocopy will and hereby does move pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for an order dismissing this action. This motion is made on the grounds that the First Amended Complaint fails to state a claim upon which relief can be granted and that this court lacks subject matter jurisdiction to rule on this matter. Furthermore, should the matter not be dismissed, Defendant Ronsin moves the Court to transfer the matter to the United States District Court, Central District of California for the convenience of the parties and witnesses under 28 U.S.C. § 1404 (a).



MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

This motion is based on the notice of motion and the memorandum of points and authorities of Defendant Ronsin Photocopy, Inc., the filed and served herewith and upon the papers, records and pleadings on file herein.

Dated: January 16, 2008

*Respectfully submitted,*
**MOHAJERIAN INC**

By: ______________________
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for Defendant,
RONSIN PHOTOCOPY, INC.

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

# TABLE OF CONTENTS

**I. INTRODUCTION AND STATEMENT OF FACTS** .......... 1

**II. LEGAL DISCUSSION** .......... 2

A. PLAINTIFF FAILS TO STATE A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 2

B. BECAUSE PLAINTIFF'S FEDERAL CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THIS COURT NO LONGER HAS SUBJECT MATTER JURISDICTION .......... 6

C. IF THE COURT FINDS THAT IT STILL HAS SUBJECT MATTER JURISDICTION, BASED ON THE CONVENIENCE OF THE PARTIES AND WITNESSES IN THE INTEREST OF JUSTICE, THIS ACTION SHOULD BE TRANSFERRED IN ITS ENTIRETY TO THE UNITED STATES CENTRAL DISTRICT COURT .......... 6

**III. CONCLUSION** .......... 7

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

# TABLE OF AUTHORITIES

## CASES

*Associated Gen. Contractors of Calif. V. California State Council of Carpenters* (1983) 459 US, 103 S.Ct. .................. 2

*Bell v. Hood* (1946) 327 US.................................................................................................. 6

*Dowling v. United States,* 473 U.S. (1985)........................................................................... 3

*Finley v. United States* (1989) 490 US .................................................................................. 6

*Hoye v. Sullivan* (9th Cir. 1993) 985 F2d. ............................................................................ 6

*Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. .............................................................. 6

*Nexans Wires S.A. v. Sark-USA, Inc.* 319 F.Supp.2d (S.D.N.Y.2004), *aff'd,* 166 Fed.App.(2d Cir.2006) ........................ 3

*re Delorean Motor Co.* (6h Cir. 1993) 991 F.2d.................................................................... 2

*Register.com, Inc. v. Verio, Inc.,* 126 F.Supp.2d n. 12 (S.D.N.Y.2000), *aff'd* 356 F.3d (2d Cir.2004) ......................... 3,4

*Rice v. Fox Broadcasting Co.*, 330 F.3d (9th Cir. 2003) .......................................................... 4

*Securities Investor Protection Corp. v. Vigman*, 764 F.2d (9th Cir. 1985)................................ 7

*Transphase Systems, Inc. v. Southern Calif. Edison Co.* (CD CA 1993) 839 F.Supp.................. 2

## STATUTES

Section 43(a) of the Lanham Act , 15 U.S.C. § 1125(a) ......................................................... 1, 4

18 U.S.C. § 1030........................................................................................................... 1, 2, 3

18 U.S.C. §1030 (e)(11)........................................................................................................ 3

28 U.S.C. § 1404 (a) ............................................................................................................. 1

California Business and Professions Code § 22450................................................................. 5

## RULES

Federal Rules of Civil Procedure, Rule 12 ............................................................................. 2

Federal Rules of Civil Procedure, Rule 12(b)(6) ...................................................................... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION AND STATEMENT OF FACTS

This lawsuit was originally brought by Plaintiff Second Image, Inc. ("Second Image") alleging several state and two (2) federal causes of action against Defendants Ronsin Photocopy, Inc. ("Ronsin Photocopy") and Christina Sanchez ("Sanchez"). The federal causes of action are alleged violations of the Computer Fraud and Abuse Action, 18 U.S.C. Section 1030 and Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a). Defendant Ronsin filed a Motion to Dismiss the original Complaint, based in part on deficiencies contained in the above-referenced causes of action, which if dismissed would have relieved the Court of jurisdiction over this matter. At the hearing on the above-referenced motion, the Court granted the motion in part, dismissing the federal causes of action but giving Plaintiff leave to amend the Complaint.

Plaintiff has now filed a First Amended Complaint ("FAC") based on the above-referenced leave to amend. Defendant Ronsin now moves this Court to dismiss this action a second time based on continued deficiencies contained in the FAC. Plaintiff has again failed to state a claim upon which relief can be granted as to the two (2) federal causes of action. Because these federal claims fail, this Court no longer has subject matter jurisdiction to adjudicate the matter. Plaintiff's claims amount to nothing more than allegations of possible violations of state law. Plaintiff, in amending the original Complaint, has now stretched the facts in order support the alleged federal claims violations. These federal causes of action, the Computer Abuse and Fraud Act and the Violation of Section 43(a) of the Lanham Act, do not contain sufficient facts to meet the required elements. As will be shown below, this matter is not a federal issue and is in fact a state issue, therefore this court does not have subject matter jurisdiction.

Furthermore, should the matter not be dismissed, Defendant Ronsin moves the Court to transfer the matter to the Central District of California for the convenience of the parties and witnesses under 28 U.S.C. § 1404 (a).

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

## II.

## LEGAL DISCUSSION

### A. PLAINTIFF FAILS TO STATE A FEDERAL CLAIM UPON WHICH RELIEF CAN BE GRANTED

The following defenses may, at the option of the pleader, be made by a motion: (1) Lack of jurisdiction of the subject matter, (2) Lack of jurisdiction over the person, (3) Improper venue (4) Insufficiency of process, (5) Insufficiency of service of process, (6) Failure to state a claim in which relief may be granted; and (7) failure to join a party under Rule 19. *Federal Rules of Civil Procedure*, Rule 12.

In a Rule 12(b)(6) motion, the court need not accept as true conclusionary allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co.* (6h Cir. 1993) 991 F.2d 1236, 1240; *Transphase Systems, Inc. v. Southern Calif. Edison Co.* (CD CA 1993) 839 F.Supp. 711, 718. Furthermore, a court need not assume that a plaintiff can prove facts different from those it has alleged. *Associated Gen. Contractors of Calif. V. California State Council of Carpenters* (1983) 459 US 519, 526, 103 S.Ct. 897, 902.

Plaintiff's FAC does not contain any colorable federal claims. The two (2) federal causes of action contained in the FAC, the Violation of the Computer Fraud and Abuse Act and False Advertising in Violation of the Lanham Act fail to state a claim upon which can be granted. The claims lack factual support and should be dismissed without leave to amend.

1. Computer Abuse and Fraud Act ("CFAA")

Plaintiff's allegations fail to adequately establish that Plaintiff incurred a "loss" of at least $5,000 as a result of Defendant's actions within the meaning of the CFAA. This statutory "loss" requirement is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information

to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. 1030 (e)(11).

The FAC is completely devoid of any claims regarding the actual amount of "loss" as defined in the CFAA related to the alleged "hacking" of its computer system by Defendant Ronsin. There are no facts regarding the cost of responding to the offense, the cost of conducting a damage assessment, the cost of restoring the data, program, system or information to its condition prior to the offense. However, there is the conclusory allegation at paragraph 27 of the FAC that "Defendants have intentionally accessed Second Image's protected computer without authorization and by doing so have caused a loss to Second Image aggregating at least $5,000 in value. This does not meet the requirements under the CFAA of a definition of a "loss".

Title 18, U.S.C. Section 1030 is a criminal statute. As such, it is narrowly construed, *Dowling v. United States,* 473 U.S. 207, 213 (1985). Under the CFAA, the meaning of "loss," both before and after the term was defined by statute, has consistently meant a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted. *Nexans Wires S.A. v. Sark-USA, Inc.* 319 F.Supp.2d 468, 475 (S.D.N.Y.2004), *aff'd,* 166 Fed.App. 559 (2d Cir.2006) In *Nexans*, the court found that the loss of business due to defendants' eventual use of the information, rather than a loss of business because of computer impairment, was too far removed from computer damage to count toward the jurisdictional threshold. *Ibid.*

Persuasive authority suggests that alleged lost revenue by a plaintiff due to lost business opportunity does not constitute "loss" under the statute. In *Register.com, Inc. v. Verio, Inc.,* 126 F.Supp.2d 238, 252 n. 12 (S.D.N.Y.2000), *aff'd* 356 F.3d 393 (2d Cir.2004) the court examined a similar issue. The plaintiff claimed that the defendant's "end use" of information retrieved from its website allowed it to compete unfairly and that as a result plaintiffs lost business and goodwill. The plaintiff argued that this lost revenue should count toward the $5,000 threshold (then "damages"). The court found that if lost good will [sic] or business could provide the [$5,000 amount] it could only do so if it resulted from the impairment or unavailability of data or systems. The good will losses cited by [the plaintiff] are not the result of harm addressed by 1030(a)(5)[ (iii) ]. How the

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

defendant uses the data, once extracted, has no bearing on whether [defendant] has impaired the availability or integrity of [plaintiff's] data or computer systems in extracting it. *Id.* at 252.

Thus, in this matter, the alleged use of a Second Image password to prove that Second Image's website lacks certain security features cannot, under any factual analysis, meet the $5,000 stautory loss requirement. Due to the lack of facts presented in the FAC regarding the cost of repairing the alleged breach, Defendant Ronsin is forced to speculate that a commonsense repair to the alleged security breach would be simply changing the username and password of Ms. Sanchez. Any other issues related to the "hacking" would be too far removed from the actual illegal use of the computer. Plaintiff has not, and cannot, allege that the system was unusable or that repairs based on the alleged "hacking" into the computer system cost over $5,000.00. In fact, there are no dollar amounts given for any of the alleged violations by Defendants. Based on the facts as presented by Plaintiff in the FAC, the claims all relate to issues regarding the "end use" of the information by Defendant Ronsin and not loss based on the alleged "hacking" itself.

This is Plaintiff's second bite at the apple and Plaintiff has not and still cannot meet its burden to show a statutory "loss" of $5,000.00. The FAC reads as a dispute between competing California companies regarding the acquisition of California clients, a matter that should be adjudicated in state court. Plaintiff continues to attempt to attempt to make the matter a federal action by stretching the allegations, in this instance forcing facts from a civil case to fit into a federal criminal statute. Thus, Plaintiff has failed to state a claim for relief under the CFAA upon which relief can be granted and the claim should therefore be dismissed without leave to amend.

2. Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)

Plaintiff has failed to allege that Defendant Ronsin's deception was material in that it likely influenced the purchase decision and/or Defendant's goods or services were involved in interstate commerce. See, e.g., *Rice v. Fox Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003) (false advertising plaintiff must allege: (1) false statements of fact made by defendant in advertisements about its own or another's product; (2) which advertisements actually deceived or have the tendency to deceive a substantial segment of their audience; (3) which deception is material, in that it is likely

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

to influence the purchasing decision; (4) that defendants caused its falsely advertised goods to enter interstate commerce; and (5) plaintiff has been or is likely to be injured as a result of the foregoing.)

Plaintiff alleges in the FAC, Ronsin is a registered professional photocopier under California Business and Professions Code Section 22450 *et seq.* Plaintiff further alleges that Defendant Ronsin is a California corporation with its principle place of business in Los Angeles. Finally, Plaintiff alleges that Defendant Ronsin's clients are located throughout the United States, and Ronsin conducts its business nationwide, relying on channels of interstate commerce to conduct this business. (See FAC para. 3.)

Plaintiff further alleges that Second Image is a comprehensive provider of legal support services throughout the State of California and a registered professional photocopier under California Business and Professions Code Section 22450 et seq. Plaintiff is a California corporation with its principle place of business in Los Angeles County, California. (See FAC para. 2.)

Plaintiff has provided not a single fact to support its allegation that Defendant Ronsin conducts business nationwide. (FAC para. 40.) Furthermore, Plaintiff has not provided any facts to support its allegations that Defendant Ronsin services clients throughout the United States. Finally, Plaintiff has not provided any facts that Defendant Ronsin engaged in misconduct in connection with Ronsin's actual and potential nationwide client base. Thus, the FAC's Lanham Act claim is fatally vague in that it fails to state what false and misleading facts were made, to whom the false statements were made and when or where the false statements were made.

It appears from the review of the FAC that Plaintiff Second Image provides services exclusively in California. (FAC para.2) Therefore, it would be impossible for Defendant Ronsin, which allegedly services clients throughout the United States, to influence the purchasing decision of potential customers of Plaintiff Second Image in interstate commerce (outside of California) as there are no interstate customers of Plaintiff Second Image. Any alleged misconduct engaged in by Ronsin in connection with its "nationwide client base" could not possibly be a material deception as these customers would not be "potential customers" of Plaintiff Second Image. Ronsin cannot influence the purchasing decision of a potential Second Image client via interstate commerce because, according to the face of the FAC, Plaintiff Second Image does not participate in interstate commerce.

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

**B. BECAUSE PLAINTIFF'S FEDERAL CAUSES OF ACTION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, THIS COURT NO LONGER HAS SUBJECT MATTER JURISDICTION**

Federal courts are courts of limited jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate; basically those involving diversity of citizenship, or a federal question, or to which the U.S. is a party. *Kokkonen v. Guardian Life Ins. Co.* (1994) 511 U.S. 375; *Finley v. United States* (1989) 490 US 545.

A federal claim must be "colorable" . . . and is not considered colorable if it clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction . . . or is wholly unsubstantial or frivolous. *Bell v. Hood* (1946) 327 US 678, 682-683. Plaintiffs must allege facts on which to base a federal claim. *Hoye v. Sullivan* (9th Cir. 1993) 985 F2d. 990, 991.

Because the Plaintiff's federal claim fail to state a claim upon which relief can be granted, this Court no longer has subject matter jurisdiction. Thus, this matter should be dismissed in its entirety.

**C. IF THE COURT FINDS THAT IT STILL HAS SUBJECT MATTER JURISDICTION, BASED ON THE CONVENIENCE OF THE PARTIES AND WITNESSES IN THE INTEREST OF JUSTICE, THIS ACTION SHOULD BE TRANSFERRED IN ITS ENTIRETY TO THE UNITED STATES CENTRAL DISTRICT COURT**

It is undisputed that 1) Plaintiffs are located in Southern California, 2) Defendant Ronsin is located in Southern California, 3) Defendant Sanchez is located in Southern California, 4) the computer allegedly used to access the Second Image site is located in Southern California and 5) the IT personnel for both Second Image and Ronsin that would authenticate the electronic records are located in Southern California.

This is a matter between two (2) Southern California based companies over events that occurred in Southern California. Furthermore, other than the single Kaiser witness, the bulk of the

MOHAJERIAN INC
A PROFESSIONAL LAW CORPORATION
1925 CENTURY PARK EAST, SUITE 350
LOS ANGELES, CALIFORNIA 90067
TEL: (310) 289-3800 FAX: (310) 556-3817

witnesses in this matter will likely be located in Southern California. These witnesses include persons who observed the transfer of the password from Sanchez to Ronsin and witnesses who overheard Defendant Ronsin's alleged misrepresentations regarding Plaintiff's services. Therefore, on the basis of one alleged phone call to one person in Northern California, Plaintiff's counsel filed this matter in the Northern District.

Therefore, pursuant to *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), the factors of convenience and justice strongly favor venue in Southern California. The parties will be forced to appear in San Francisco from Southern California for all court hearings, depositions, mediations and trial. In the interests of justice the matter should be transferred to the United States District Court, Central District.

## III.

## CONCLUSION

Based on the foregoing, the Plaintiff has failed to state a federal claim upon which relief can be granted, thus this Court does not have subject matter jurisdiction and this lawsuit should be dismissed in its entirety. However, if this Court determines that it has subject matter jurisdiction, that in the alternative to this matter be transferred to the Central District.

Date: January 16, 2007

**MOHAJERIAN INC**

By: ______________________
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for Defendant RONSIN PHOTOCOPY, INC.