```
DENNIS F. MORIARTY    (BAR NO. 37612)
STEPHEN L. DAHM      (BAR NO. 114745)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile:  (415) 391-4626
5055-3-10-15
Attorneys for Defendant,
CHRISTINA SANCHEZ
```

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RONSIN PHOTOCOPY, INC., a California Corporation; CHRISTINA SANCHEZ, an individual; and DOES 1-10<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIM. | Case No. C 07 5242 PJH<br><br>**CHRISTINA SANCHEZ' AMENDED NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; POINTS AND AUTHORITIES IN SUPPORT [FRCP 12(b)(1) and 12(b)(6)1**<br><br>Date:        February 27, 2008<br>Time:       9:00 a.m.<br>Dept.:       3<br>Hon. Phyllis J. Hamilton |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 27, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3, 17th Floor of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, defendant CHRISTINA SANCHEZ ("Defendant Sanchez" or "Sanchez") will move the Court to dismiss the First Amended Complaint as to defendant Sanchez.

Defendant Sanchez seeks dismissal of the First Amended Complaint on the grounds that this Court lacks subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1),

1  and on the grounds that the First Amended Complaint fails to state a claim upon which relief
2  can be granted against defendant Sanchez, Federal Rule of Civil Procedure 12(b)(6).
3
4   DATED: January 17, 2007          CESARI, WERNER AND MORIARTY
5
6                                    BY_____
                                          STEPHEN L. DAHM
7                                         Attorneys for Defendant
                                          **CHRISTINA SANCHEZ**
8

## POINTS AND AUTHORITIES

**RELEVANT ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Paragraph 16 of the First Amended Complaint alleges that plaintiff's dedicated username and password grants the holder thereof access to a portion of plaintiff's private website created to host records associated with plaintiff's services for that particular client. One client cannot gain access to another client's portion of plaintiff's private website, or any records hosted thereon.

Paragraph 18 of the First Amended Complaint alleges that plaintiff provided defendant Sanchez with a username and password, and informed her that they were confidential.

Paragraph 19 of the First Amended Complaint alleges that defendant Ronsin Photocopy, Inc. ("defendant Ronsin" or "Ronsin") improperly accessed plaintiff's private website using the username and password that plaintiff had provided to defendant Sanchez. Once on plaintiff's private website, defendant Ronsin breached plaintiff's security and accessed restricted and private data, and further used the unlawful access to represent to plaintiff's current and potential customers that plaintiff's records were not secure, and that Ronsin provided greater security.

Paragraphs 20 through 23 of the First Amended Complaint allege that the defendants entered into an agreement to unlawfully gain access to plaintiff's trade secrets, to pilfer plaintiff's clients, and to obtain an unfair business advantage over plaintiff.

Paragraphs 74 through 76 of the First Amended Complaint allege that Sanchez had a duty to plaintiff to maintain the confidentiality of the username and password provided to her by plaintiff, and that Sanchez breached that duty by exceeding the scope of her authorized access to plaintiff's private website, and/or provided her username and password to Ronsin, so as to facilitate their unauthorized access to plaintiff's private website, and that plaintiff was damaged as a result.

/ / /

/ / /

**STATUTORY AUTHORITY**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may assert lack of subject matter jurisdiction in response to a claim for relief in any pleading by means of a motion.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert failure to state a claim upon which relief can be granted in response to a claim for relief in any pleading by means of a motion.

18 U.S.C. Section 1030(a)(2)(C) provides that whoever intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains information from any protected computer if the conduct involved an interstate or foreign communication shall be punished as provided in Section 1030(c).

18 U.S.C. Section 1030(a)(4) provides that whoever knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any one-year period, shall be punished as provided in Section 1030(c).

18 U.S.C. Section 1030(a)(6)(A) provides that whoever knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if such trafficking affects interstate or foreign commerce, shall be punished as provided in Section 1030(c).

15 U.S.C. Section 1125(a)(1) provides that any person who, in connection with any goods or services, uses in commerce any word, term, name, symbol or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services or commercial activities by another person, or (b) in commercial advertising or promotion,

misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

**JUDICIAL AUTHORITY AND ARGUMENT**

**I. The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Section 1030(a)(2)(C) Claim, and Plaintiff Has Not Stated a Claim Upon Which Relief Can Be Granted, Against Sanchez Because Sanchez's Alleged Conduct Did Not Involve An Interstate or Foreign Communication**

The gravamen of the Section 1030(a)(2)(c) claim against Sanchez is that she intentionally or negligently provided Ronsin with her username and password, giving Ronsin unauthorized access to plaintiff's secure website. The First Amended Complaint does not allege that this "conduct" by Sanchez "involved an interstate or foreign communication," as required by Section 1030(a)(2)(C). The First Amended Complaint clearly alleges at paragraphs 3 and 4 that Ronsin and Sanchez are both residents of California. Paragraph 18 alleges that plaintiff provided Sanchez with a username and password, and that action appears to have occurred in California. Paragraph 74 does not allege that Sanchez's action in providing her username and password to Ronsin occurred anywhere other than in California.

Plaintiff has the burden of alleging facts on which its alleged federal claim is based, see *Hoye v. Sullivan*, 995 F.2d 990, 991 (9th Cir.1993). Since plaintiff does not allege in the First Amended Complaint that Sanchez's conduct in providing Ronsin with the username and password was conduct which involved an interstate or foreign communication, plaintiff has not pled a basis for federal subject matter jurisdiction, or a claim under which relief can be granted, under Section 1030(a)(2)(C).

**II. There Is No Subject Matter Jurisdiction and No Claim Upon Which Relief Can Be Granted Under Section 1030(a)(4) Because the First Amended Complaint Does Not Allege that Sanchez Obtained Anything of Value by Means of Her Alleged Conduct**

There is no allegation in the First Amended Complaint that Sanchez obtained anything of value by means of her alleged provision of plaintiff's username and password to Ronsin. "The plain language of section 1030(a)(4) emphasizes that more than mere

unauthorized use is required: the 'thing obtained' may not merely be the unauthorized use." *U.S. v. Czubinski* 106 F.3d 1069, 1078 (1st Cir. 1997). The First Circuit in *Czubinski* then cited the legislative history of Section 1030 in which it was stated "The acts of fraud we are addressing in proposed section 1030(a)(4) are essentially thefts in which someone uses a federal interest computer to wrongly obtain something of value from another…" *Id*. at 106 F3d 1069, 1078. Since plaintiff has not alleged that Sanchez obtained anything of value by intentionally or negligently providing Ronsin with her username and password, plaintiff fails to plead federal subject matter jurisdiction, and fails to state a claim upon which relief can be granted, under Section 1030(a)(4).

### III. The Court Has No Subject Matter Jurisdiction, and Plaintiff Has Failed to State a Claim Upon Which Relief Can Be Granted, Under Section 1030(a)(6)(A)

Paragraphs 74 through 76 of the First Amended Complaint allege negligent conduct on the part of defendant Sanchez. Negligence is "the doing of some act a reasonably prudent person would not do, or the failure to do something a reasonably prudent person would do . . . it is the failure to use ordinary care under the circumstances in the management of one's person or property, or of agencies under one's control." *LaVine v. Clear Creek Skiing Corp*., 557 F.2d 730, 734-35 (10th Cir. 1977). Paragraphs 74 through 76 do not allege that Sanchez "knowingly and with intent to defraud" provided her username and password to Ronsin, as required to obtain relief under Section 1030(a)(6)(A). Therefore paragraphs 74 through 76 do not plead facts on which the Court can base federal subject matter jurisdiction, and do not state a claim under which relief can be granted under section 1030(a)(6)(A).

### IV. Plaintiff's State Law Conspiracy Claim Is Not a Basis for Liability Under Section 1030

In California, civil conspiracy is not a legal cause of action.  To sustain a claim of conspiracy, plaintiff must plead and prove that Sanchez committed an underlying tort. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 992 (9th Cir.2001), opinion amended on denial of rehearing, 275 F.3d 1187.  The torts alleged in the First Amended Complaint are all

1  common law torts, to which California law would apply. Therefore plaintiff can't use the
2  conspiracy allegations to create federal subject matter jurisdiction.

3  Furthermore, the general allegations of conspiracy at paragraphs 20 through 23 of the
4  First Amended Complaint are insufficient to state a claim that Sanchez can be liable for civil
5  conspiracy. Plaintiffs do not allege that Sanchez had knowledge of Ronsin's alleged plan to
6  hack into other of plaintiff's customer's accounts, unlawfully access patient records, make
7  false representations to plaintiff's customers, and gain access to plaintiff's non-public and
8  proprietary information. "The sine qua non of a conspiratorial agreement is the knowledge
9  on the part of the alleged conspirators of its unlawful objective and their intent to aid in
10 achieving that objective. [Citations] …mere knowledge, acquiescence, or approval of an act,
11 without cooperation or agreement to cooperate is insufficient to establish liability." *Kidron*
12 *v. Movie Acquisition Corp.* (1995) 40 Cal.App.4th 1571, 1582.    Without an allegation of
13 specific intent to commit the state law torts, plaintiff has not stated a claim under which relief
14 can be granted under California law. Hence, the conspiracy allegations do not allege facts
15 under which relief can be granted under Rule 12(b)(6).

16 **V.    Plaintiff Has Not Pled Facts Which If Proven Would Subject Sanchez to**
17 **Federal Subject Matter Jurisdiction, Nor Has Plaintiff Stated a Claim Upon**
   **Which Relief Could Be Granted Against Sanchez, Under Section 43(a) of the**
18 **Lanham Act**

19 False advertising injury under the Lanham Act must allege among its elements "that
20 defendant caused its falsely advertised goods to enter interstate commerce." See *Rice v. Fox*
21 *Broadcasting Co.*, 330 F.3d 1170, 1180 (9th Cir. 2003). In paragraph 40 of the First Amended
22 Complaint plaintiff alleges that defendant Ronsin conducts business nationwide and services
23 clients throughout the United States, utilizing channels of intestate commerce. But plaintiff
24 makes no such allegations concerning defendant Sanchez. Although plaintiff alleges at
25 paragraph 75 of the First Amended Complaint that Sanchez exceeded the scope of her
26 authorized access to plaintiff's username and password, and/or provided her username and
27 password to Ronsin, nowhere does plaintiff allege that Sanchez caused its falsely advertised
28 goods to enter interstate commerce. Therefore the First Amended Complaint does not allege

federal subject matter jurisdiction under the Lanham Act as to Sanchez, nor does it state a Lanham Act claim upon which relief can be granted against Sanchez.

**CONCLUSION**

On the basis of the facts and authorities cited herein, defendant Sanchez prays that the court grant her motion, and that the complaint be dismissed as to her. Plaintiff is not without remedy, as it can bring its claims against Sanchez in California state court.

DATED: January 17, 2007                    CESARI, WERNER AND MORIARTY

　　　　　　　　　　　　　　　　　　　　　　BY: _____/S/_____
　　　　　　　　　　　　　　　　　　　　　　　　　STEPHEN L. DAHM
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　**CHRISTINA SANCHEZ**