**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>    Defendants. | Case No. C-07-05242-PJH<br><br>**PLAINTIFF SECOND IMAGE, INC.'S OPPOSITION TO DEFENDANT CHRISTINA SANCHEZ'S AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

## I.

## **INTRODUCTION**

Though difficult to decipher, the Motion to Dismiss (the "Motion") of Defendant Christina Sanchez ("Defendant") seemingly argues that the First Amended Complaint ("FAC") does not make sufficient federal allegations against Defendant.  However, as set forth more fully below, the Motion glosses over the critical allegations in the FAC, set forth in paragraphs 6 and 20-23, and misapplies the law of conspiracy.  In a nutshell, because Plaintiff Second Image, Inc. ("Plaintiff") has properly pled conspiracy and Defendant's involvement in that conspiracy, Defendant's Motion fails.

## II.

## **SUMMARY OF RELEVANT FACTUAL ALLEGATIONS**

The FAC contains several allegations tying Defendant to the remaining defendants, through a conspiracy to commit the alleged underlying misconduct.  These statements include:

- **Description of the Conspiracy:**  "Whenever in this First Amended Complaint reference is made to the acts of Ronsin, Sanchez, or Does 1-10, that allegation shall refer collectively to all Defendants who, as more fully alleged below, are, upon information and belief, co-conspirators and/or are engaged in an express or implied principal/agent relationship whereby individual defendants operated under actual or ostensible authority to perform the acts so alleged,  and/or whereby individual defendants authorized, aided, abetted, furnished the means to, advised, or encouraged the acts of the other individual defendants."  (FAC ¶ 6.)

- **Scope of the Conspiracy Agreement:**  "Upon information and belief, Defendants entered into an agreement to unlawfully gain access to Second Image's private website, so as to gain access to Second Image's trade secrets, to pilfer Second Image's clients, and to obtain an unfair business advantage over Second Image."  (FAC ¶ 20.)

1

**SECOND IMAGE, INC'S OPP.TO SANCHEZ'S
AMENDED MOTION TO DISMISS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1   • **Wrongful Acts Taken in Furtherance of the Conspiracy:** "Upon

2   information and belief, in furtherance of their conspiracy, Defendants portrayed Sanchez

3   and/or the Law Firm as a bona fide consumer of Second Image's services so as to gain

4   access to Second Image's private website through the use of the username and

5   password provided to Sanchez.  Upon information and belief, in furtherance of the

6   conspiracy, Defendants then hacked into other clients' accounts in other portions of the

7   private website so as to unlawfully access over 100 patient records on 8 different

8   occasions from January 31, 2005 through April 24, 2007.  At least 70 client accounts

9   hosted on Second Image's private website were thus unlawfully accessed by

10  Defendants."  (FAC ¶ 21.)

11  • **Additional Wrongful Acts Taken in Furtherance of the Conspiracy:** "In

12  addition to hacking into confidential files, Defendants have, in sales demonstrations to

13  existing and, upon information and belief, prospective Second Image customers, made

14  false representations about the security of records hosted on Second Image's private

15  website, so as to gain an unfair business advantage." (FAC ¶ 22.)

16  • **Additional Wrongful Acts Taken in Furtherance of the Conspiracy:**

17  "Moreover, in addition to hacking into confidential files, upon information and belief

18  Defendants hacked into, and gained unlawful access to, Second Image's non-public and

19  propietary information, including without limitation: source code, technical requirements,

20  concepts and strategies, web layout, presentation, and synthezation techniques, pricing

21  strategy, financing methods and costs, invesotry and sourcing strategy, customer data,

22  including historical transactional data, and customer lists.  Defendants' conspiratal and

23  wrongful acts have damaged Second Image."  (FAC ¶ 23.)

24  **III.**

25  **LEGAL DISCUSSION**

26  As the above allegations show, Plaintiff has stated that Defendant engaged in a

27  conspiracy to commit several legal wrongs, including violations of the Computer Fraud

28  and Abuse Act ("CFAA") and violations of the Lanham Act.  "By participation in a civil

**SECOND IMAGE, INC'S OPP.TO SANCHEZ'S
AMENDED MOTION TO DISMISS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    conspiracy, a coconspirator effectively adopts as his or her own the torts of other

2    coconspirators within the ambit of the conspiracy. In this way, a coconspirator incurs tort

3    liability co-equal with the immediate tortfeasors." *Klistoff v. Superior Court of Los*

4    *Angeles County*, 157 Cal. App. 4th 469, 479 (2007) (internal quotations omitted).

5        In subsection IV of her Motion, Defendant criticizes Plaintiff's conspiracy

6    allegations, arguing that "[i]n California, civil conspiracy is not a legal cause of action"

7    (Motion at 6), and "[w]ithout an allegation of specific intent to commit the state law torts,

8    plaintiff has not stated a claim under which relief can be granted under California law."

9    (Motion at 7.)  These criticisms are not grounded in fact or law, and are inapplicable to

10   the FAC.

11       First, Plaintiff does not allege conspiracy as a separate cause of action.  Rather,

12   the FAC alleges that Defendant conspired with the other defendants to perpetrate the

13   alleged misconduct, such as the alleged violations of the CFAA and the Lanham Act.

14   Second, contrary to Defendant's claim, the torts described by Plaintiff in the FAC are not

15   all common law torts applying California law.  In fact, in her Motion, Defendant discusses

16   Plaintiff's Lanham Act and CFAA claims—statutory claims arising under federal law.[1]

17   Finally, Plaintiff has specifically stated that each defendant—including Defendant —

18   entered into the conspiracy "so as to gain access to Second Image's trade secrets, to

19   pilfer Second Image's clients, and to obtain an unfair business advantage over Second

20   Image." (FAC ¶ 21.)  Thus, even assuming Plaintiff must allege a "specific intent," Plaintiff

21   has done so.

22       However, such allegations are unnecessary, because to plead conspiracy a

23   plaintiff must only allege:  "(1) the formation and operation of the conspiracy, (2) the

24   wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act

25   or acts."  *See Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992

26   _____

27   [1]  Plaintiff notes that Defendant has filed a cross-claim in this action setting forth two
     state law claims.  While not clear from the face of the cross-claims, Plaintiff has
28   apparently relied on this Court's supplemental jurisdiction (28 U.S.C. §1367) as the basis
     for jurisdiction, stating that jurisdiction is "co-extensive with the Complaint."

3

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1    (9th Cir. 2005) (citations omitted) (describing pleading requirements under stricter

2    standard, where conspiracy alleged as separate cause of action, and where plaintiff

3    faced with heightened pleading requirements under Rule 9(b)).  Plaintiff has satisfied this

4    standard.

5        Having properly pled a conspiracy, Plaintiff has also resolved Defendant's

6    remaining concerns, as expressed in Sections I, II, III, and V of the Motion.  For example,

7    in Section I of her Motion, Defendant argues that Plaintiff's Section 1030(a)(2)(C) claim

8    must be dismissed because Plaintiff did "not allege . . . that Sanchez's conduct in

9    providing Ronsin with the username and password was conduct which involved an

10   interstate or foreign communications."    However, as discussed above, Defendant

11   adopted as her own the actions of her coconspirators within the ambit of the conspiracy.

12   Likewise, in Section II of her Motion, Defendant argues that Plaintiff's Section 1030(a)(4)

13   claim must be dismissed because Plaintiff "has not alleged that Sanchez obtained

14   anything of value by intentionally or negligently providing Ronsin with her username and

15   password."    Yet, in paragraph 27 of the FAC, for example, Plaintiff alleges that the

16   coconspirator defendants unlawfully obtained Plaintiff's proprietary business information.

17   This same logic extends to Defendant's remaining arguments as set forth in Sections III

18   and V of her Motion.[2]

19       Ultimately, Defendant, through her Motion, ignores the way a conspiracy functions,

20   in an apparent attempt to avoid responsibility for her actions.  Neither California nor

21   federal law countenances such avoidance, and Defendant's Motion should be denied.

22

23

---

24   [2] In Section III of her Motion, Defendant argues that Plaintiff failed to state a claim upon
     which relief can be granted under Section 1030(a)(6)(A), because Plaintiff has not
25   alleged that "Sanchez 'knowingly and with intent to defraud' provided her username and
     password to Ronsin."    Finally, in Section V of her Motion, Defendant argues that the
26   Lanham Act claim must be dismissed because, "nowhere does plaintiff allege that
     Sanchez caused its falsely advertised goods to enter interstate commerce."    Such
27   allegations are present, contrary to Defendant's statements. *See e.g.*, FAC at ¶¶ 27 and
     40.
28

4

**SECOND IMAGE, INC'S OPP.TO SANCHEZ'S
AMENDED MOTION TO DISMISS**

**IV.**

**CONCLUSION**

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Respectfully Submitted,

DATED:  February 6, 2008                    KRONENBERGER BURGOYNE, LLP

                                            By:    /s/ Deepa Krishnan
                                               Karl S. Kronenberger
                                               Henry M. Burgoyne, III
                                               Deepa Krishnan
                                               Attorneys for Plaintiff
                                               Second Image, Inc.

SECOND IMAGE, INC'S OPP.TO SANCHEZ'S
AMENDED MOTION TO DISMISS

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com