**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Deepa Krishnan (Bar No. 228664)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@kronenbergerlaw.com
hank@kronenbergerlaw.com
deepa@kronenbergerlaw.com

Attorneys for Plaintiff
SECOND IMAGE, INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SECOND IMAGE, INC.**, a California corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>**RONSIN PHOTOCOPY, Inc.,** a California Corporation; **CHRISTINA SANCHEZ**, an individual; and **DOES 1-10**,<br><br>            Defendants. | Case No. C-07-05242-PJH<br><br>**PLAINTIFF SECOND IMAGE, INC.'S OPPOSITION TO DEFENDANT RONSIN PHOTOCOPY, INC.'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), RULE 12(B)(6) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE** |

# I.

## **INTRODUCTION**

Defendant Ronsin Photocopy, Inc. ("Defendant") has made clear that it wants this case in Southern California, and will bring motion after motion, and waste more and more time and resources, in the hopes of achieving that end. In its Motion to Dismiss (the "Motion"), Defendant again asks "should the matter not be dismissed . . . to transfer the matter to the . . . Central District of California for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a)" (Notice of Motion.) As Defendant knows, the Court already denied that exact request two months ago. Moreover, as a result of such dilatory tactics, this litigation has now been proceeding for five months, and Defendant has, by virtue of its alleged "jurisdictional" challenges, failed to provide Plaintiff Second Image, Inc. ("Plaintiff") with even a shred of disclosure or discovery. The irony, of course, is that such disclosure and discovery would belie the very motions Defendant continues to bring.

Defendant's arguments fail procedurally and substantively. First, Defendant seeks to treat its Motion as one for summary judgment, forgetting that all that is required of Plaintiff in its complaint is a short and plain description of its claims. Second, contrary to Defendant's arguments, the First Amended Complaint ("FAC") contains a concise and direct statement that Plaintiff has suffered loss and damages in excess of $5000, as required by the Computer Fraud and Abuse Act ("CFAA"). Finally, the FAC contains several statements describing the effects of Defendant's misconduct on interstate commerce, as required under the Lanham Act. Plaintiff's allegations of Defendant's misconduct are more than sufficient to satisfy federal pleading standards.

This case is not, despite Defendant's attempts to so characterize it, a petty business dispute between competitors, which belongs in Southern California. It arises out of serious, indeed criminal, wrongs committed upon Plaintiff, involving interstate commerce, with the effects felt predominantly in Northern California; as a result, it falls squarely within the purview of this federal Court's jurisdiction. Defendant's Motion, if

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

considered a summary judgment request, is premature. If taken at face value, the Motion to Dismiss is dilatory, at best, and seems to be another attempt to avoid providing Plaintiff with any Rule 26 information. Regardless of how it is characterized, the Motion fails and should be denied in its entirety.

## II.

## LEGAL DISCUSSION

A. Defendant's "Facial Attack" on Second Image's Claims Cannot Prevail Under the Federal Rules' Liberal Pleading Standards.

Defendant provides no extrinsic evidence in support of its Motion. Instead, it asks the Court to review the legal sufficiency of Plaintiff's allegations, as set forth in the FAC. Therefore, the Court's review is limited to the allegations in the FAC. *See* W. Schwarzer et al., *California Practice Guide: Federal Procedure Before Trial* ¶ 9:78 (2007) (A facial attack is a motion "attacking subject matter jurisdiction solely on the basis of the allegations in the complaint (together with documents attached to the complaint, judicially noticed facts and any undisputed facts evidenced in the record) in the light most favorable to plaintiff . . . [and] the court must consider the allegations of the complaint as true.").

The Federal Rules only require that a complaint set forth "simple, concise and direct" allegations, and "short and plain statement[s]" of jurisdiction and claims. Fed. R. Civ. P. 8(e) and R.8(a) "Specific facts are not necessary," as a complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citations and quotations omitted). Moreover, all material allegations must be "construed in the light most favorable to the non-moving party." *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986) (citations omitted) (reversing trial court's dismissal).

///

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1  B. <u>Second Image Has Adequately Pled a "Loss" Under the CFAA</u>.

2  In paragraph 28 of its Complaint, Second Image states: "Defendants have
3  intentionally accessed Second Image's protected computer without authorization and by
4  doing so have caused a loss to Second Image aggregating at least $5,000 in value."
5  (FAC ¶ 28.)  This averment is sufficient to plead a loss under the CFAA's civil prong,
6  particularly when Defendant provides no extrinsic evidence in support of its Motion.  *See*
7  *I.M.S. Inquiry Management Systems v. Berkshire Information Systems, Inc.*, 307 F. Supp.
8  2d. 521, 525 (S.D.N.Y. 2004) ("In the Amended Complaint, Plaintiff alleges that
9  defendant's unauthorized activity . . . forced plaintiff to incur costs of more than $5,000 in
10 damage assessment and remedial measures . . . [t]hese allegations adequately state a
11 claim under the CFAA and are sufficient to withstand defendant's motion to dismiss.").

12 The case relied upon by Defendant is inapposite.  Specifically, in *Nexans Wires*
13 *S.A. v. Sark-USA, Inc.*, 319 F. Supp. 2d 468, 470-71 (S.D.N.Y. 2004), defendant relied
14 upon extrinsic evidence, and the Court accordingly made a summary judgment ruling: "If,
15 on a [12(b)(6)] motion . . . to dismiss . . . matters outside the pleading are presented to . .
16 . the court, the motion shall be treated as one for summary judgment and disposed of as
17 provided in Rule 56."  Here, due to the very jurisdictional concerns purportedly plaguing
18 Defendant, there are no such "matters outside the pleading" to present.

19 Moreover, to the extent Defendant is, as claimed, "forced to speculate that a
20 commonsense repair to the alleged security breach would be simply changing the
21 username and password of Ms. Sanchez" (Motion at 4), the Court should disregard
22 Defendant's words as insincere.  Plaintiff and Defendant are in the same business, and
23 Defendant has acknowledged same.  (*See e.g.*, Motion at 3, FAC ¶¶ 2-3, Declaration of
24 Dennis Grant in Support of Defendant's [Initial] Motion to Dismiss ¶ 2.)  Defendant is thus
25 aware that Plaintiff, a registered professional photocopier, "handles highly confidential
26 documents, including subpoenaed medical records."  (FAC ¶ 13.)   It is therefore on
27 notice that Defendants' wrongful acts, as alleged in the FAC, would trigger a loss far in
28 excess of $5,000.  For example, Defendant is aware that forensic costs to investigate

1  and assess the damage to Plaintiff's server and website alone would exceed $5,000.

2      A second basis of Plaintiff's loss is its cost in notifying affected individuals of
3  Defendant's breach. Indeed, Defendant, as a registered professional photocopier, must
4  be aware that transgressions of this magnitude create enormous notification costs under
5  California's Database Security Breach Notification Act (the "Act"), codified at Cal. Civ.
6  Code § 1798.29. Specifically, the Act requires those who own, license or maintain
7  computerized data that includes "personal information" (such as Plaintiff and Defendant)
8  to disclose breaches of security. Such costs are significant, as Defendant is aware,
9  particularly where, as alleged here, over 100 patient records were accessed. (FAC ¶ 21.)
10 These remedial measures would, and did, greatly exceed $5,000. Plaintiff has described
11 these remedial measures to law enforcement, and is happy to provide such details to the
12 Court as well, if so requested.

13
14   C. <u>Defendant Likewise Conflates Legal Standards in Disputing Second Image's Lanham Act Cause of Action</u>.

15     As with its attack of Second Image's CFAA claim, Defendant relies upon
16 inapplicable authority in to attack Plaintiff's Lanham Act claim. The only case Defendant
17 cites, *Rice v. Fox Broadcasting Co.*, 330 F. 3d 1170, 1180 (9th Cir. 2003) addresses a
18 summary judgment motion. Summary judgment is not at issue here, despite Defendant's
19 apparent desire for it to be so.[1] Moreover, in *Rice*, the Court evaluated different issues
20 than the case at bar—deciding that the statements at issue did not constitute advertising,
21 and therefore did not even fall within the purview of the Lanham Act. No such argument
22 has been made here.

---

23 [1] For example, Defendant states: "Plaintiff has not provided any facts to support its
24 allegations that Defendant Ronsin services clients throughout the United States."
25 (Motion at 5.) Defendant seems to be noting a lack of evidence on the record, rather
than a lack of allegations in the FAC. However, the parties have not yet engaged in any
26 disclosure or discovery, nor have they submitted substantial declarations, due to
Defendant's refusal to participate pending motions to dismiss. Second Image is more
27 than willing to provide such evidence—including a screenshot of Defendant's website
displaying a slogan, **"Nationwide Services, We Cover the Map"**—once Defendant
28 agrees to proceed.

1  Instead, Defendant claims that "Plaintiff has not provided any facts that Defendant
2  Ronsin engaged in misconduct in connection with Ronsin's actual and potential
3  nationwide client base." (Motion at 5.) Defendant further argues that that the FAC is
4  "fatally vague" for failure to describe the misleading statements in detail. (*Id.*) Yet, again,
5  none of these measures is required at the pleading stage. Rather, a motion to dismiss
6  must be denied, absent the implication of explicitly protected First Amendment rights,
7  where plaintiff pleads a short, concise complaint alleging false advertising. *See Int-Elect*
8  *Engineering, Inc. v. Clinton Harley Corp.*, No. C-92-20718, 1993 WL 557639, *4 (N.D.
9  Cal., June 24, 1993).

10  Plaintiff's allegations are more than sufficient at this stage. (*See e.g.*, FAC ¶ 40
11  ("Defendant Ronsin conducts business nationwide, and upon information and belief,
12  services clients throughout the United States"); FAC ¶ 40 ("Upon information and belief,
13  Defendants, in perpetrating this misconduct, falsely advertised their goods in interstate
14  commerce"); FAC ¶ 14 ("Second Image hosts both a public and private website. The
15  public website provides general information about Second Image and its products and
16  services, and is available to the general public through the URL
17  http://www.secondimage.com); FAC ¶ 22 ("Defendants have, in sales demonstrations to
18  existing and, upon information and belief, prospective Second Image customers, made
19  false representations about the security of records hosted on Second Image's private
20  website, so as to gain an unfair business advantage."))

21  Nevertheless, in its Motion, Defendant continues to argue, "[t]hus, the FAC's
22  Lanham Act claim is fatally vague in that it fails to state what false and misleading facts
23  were made, to whom the false statements were made and when or where the false
24  statements were made." (Motion at 5.) This argument is identical to the one set forth in
25  Defendant's prior Motion to Dismiss. It was not accepted by the Court then, and should
26  not be accepted now. As explained by Plaintiff in its prior opposition, to adopt
27  Defendant's argument would preclude a plaintiff from seeking relief unless it happened to
28  have recorded the false statement when it was made. Because the false statements at

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

1 issue here were not spoken to Plaintiff or to the public at large, but rather, to a small
2 group of select customers, their exact wording was not available for Plaintiff to include in
3 its FAC. However, Plaintiff anticipates that discovery will flesh out the precise wording of
4 these statements.

5 Courts have interpreted the Lanham Act to address false statements made by
6 competitors at similar oral presentations. *See Coastal Abstract Service, Inc. v. First*
7 *American Title Ins. Co.*, 173 F.3d 725, 734-35 (9th Cir. 1999) (finding that false
8 statements made by one escrow agent to a mortgage company about another escrow
9 agent were commercial promotions sufficient to support Lanham Act claim); *Avid*
10 *Identification Systems, Inc. v. Schering-Plough Corp.*, No. CV-99-00170, 2002 WL
11 464714, *2-3 (9th Cir. March 25, 2002) (finding that district court erred in stating that
12 statements made at oral proposals to third party potential customers were too vague to
13 amount to false advertising). When the potential purchasers in the market are relatively
14 limited in number, even a single promotional presentation to an individual purchaser may
15 be enough to trigger the protections of the Lanham Act. *See Coastal Abstract Service*,
16 173 F.3d at 735. Accordingly, Defendant's false statements to entities such as Kaiser
17 Permanente and Interinsurance Exchange of the Automobile Club, and any other third
18 parties as will be revealed through discovery, are within the ambit of the Lanham Act.

28 ///

**SECOND IMAGE, INC.'S OPPOSITION TO RONSIN PHOTOCOPY, INC'S MOTION TO DISMISS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com

### III.

### **CONCLUSION**

For the foregoing reasons, Defendant's Motion should be denied in its entirety.

Respectfully Submitted,

DATED:  February 6, 2008                    KRONENBERGER BURGOYNE, LLP

                                                              By:      /s/ Deepa Krishnan
                                                                     Karl S. Kronenberger
                                                                     Henry M. Burgoyne, III
                                                                     Deepa Krishnan
                                                                     Attorneys for Plaintiff
                                                                     Second Image, Inc.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KronenbergerLaw.com