DENNIS F. MORIARTY     (BAR NO. 37612)
STEPHEN L. DAHM        (BAR NO. 114745)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone: (415) 391-1113
Facsimile:  (415) 391-4626
5055-3-10-15
Attorneys for  Defendant,
CHRISTINA SANCHEZ

IN THE UNITED STATES DISTRICT COURT

NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RONSIN PHOTOCOPY, INC., a California Corporation; CHRISTINA SANCHEZ, an individual; and DOES 1-10<br><br>Defendants.<br><br>AND RELATED CROSS-CLAIM. | Case No. C 07 5242 PJH<br><br>**DEFENDANT CHRISTINA SANCHEZ'S REPLY TO PLAINTIFF'S OPPOSITION TO SANCHEZ'S AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**Date:  February 27, 2008**<br>**Time:  9:00 AM**<br>**Dept.:  3**<br>**Hon. Phyllis J. Hamilton** |

**I.     THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE SPECIFIC FACTS WHICH, IF PROVEN, WOULD MAKE DEFENDANT SANCHEZ LIABLE AS A CO-CONSPIRATOR FOR VIOLATION OF ANY FEDERAL LAW**

Paragraph 27 of the First Amended Complaint ("FAC") alleges that undifferentiated "Defendants," not defendant Sanchez, have knowingly and with intent to defraud, accessed plaintiff's protected computer without authorization, and by means of such conduct have furthered their intended fraud and obtained proprietary business information of plaintiff.

1    Similarly, the general allegations in paragraphs 20 through 23 of the FAC do not

2    allege that defendant Sanchez did any particular act that violated any federal statute. Instead,

3    those paragraphs allege, for example, that "Defendants" entered into an agreement to commit

4    the alleged wrongs (paragraph 20); "Defendants" portrayed Sanchez as a bona fide consumer

5    of plaintiff's services and hacked into other clients' accounts (paragraph 21); "Defendants"

6    have made false representations about the security of records hosted on plaintiff's website

7    (paragraph 22); and "Defendants" gained unlawful access to plaintiff's non-public and

8    proprietary information (paragraph 23).

9    In a civil conspiracy action, which is essentially what this action is in regard to

10   defendant Sanchez, "courts insist upon a higher level of specificity than is usually demanded

11   of other pleadings…" *Wasco Products v. Southwall Technologies*, 435 F.3d 989, 991 (9th Cir.

12   2006), quoting from *Alfus v. Pyramid Tech. Corp.*, 745 F.Supp. 1511, 1521 (N.D.Cal.1990).

13   See also FRCP 9(b), which provides that allegations of fraud "shall be stated with

14   particularity."

15   Plaintiff has no difficulty pleading specific allegations of alleged wrongful conduct

16   on the part of defendant Ronsin Photocopy; see paragraph 19 of the FAC.  There are no such

17   specific allegations against defendant Sanchez.  The vague and general "conspiracy"

18   allegations in the FAC should not be held sufficient to subject Christina Sanchez to federal

19   subject matter jurisdiction.

20   **II.    DEFENDANT SANCHEZ DOES NOT HAVE THE LEGAL CAPACITY TO
21         COMMIT THE WRONGS ALLEGED IN THE FAC AND SHE THEREFORE
             CANNOT BE LIABLE FOR THOSE ACTIONS UNDER A CIVIL
22         CONSPIRACY THEORY**

23   Paragraph 20 of the FAC alleges that "Defendants" entered into an agreement to

24   unlawfully gain access to plaintiff's private website, so as to gain access to Second Images's

25   trade secrets, pilfer plaintiff's clients and obtain an unfair business advantage over plaintiff.

26   Paragraph 27 alleges that "Defendants" knowingly and with intent to defraud accessed

27   plaintiff's protected computer without authorization and have obtained proprietary business

28   information of plaintiff.

REPLY TO OPPOSITION TO AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT

"By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.4th 503, 511. The FAC alleges at paragraph 18 that defendant Sanchez was a paralegal at the Neal, Haushalter law firm. The FAC does not allege that defendant Sanchez had the legal capacity to pilfer (i.e., steal) plaintiff's clients, to obtain an unfair business advantage over plaintiff, or to obtain proprietary business information. It does not allege that defendant Sanchez was a business competitor of plaintiff, or that Sanchez gained anything as a result of the alleged torts. Therefore defendant Sanchez cannot be liable for civil conspiracy for some other person allegedly committing those torts.

## III.    DEFENDANT SANCHEZ HAS NOT WAIVED HER OBJECTION TO SUBJECT MATTER JURISDICTION BY FILING A CROSS-CLAIM

Defendant Sanchez's cross-claim, filed with her answer to the original complaint, does not waive her objection that the court does not have subject-matter jurisdiction. Lack of subject matter jurisdiction is not waived by failure to object, and it can be raised at any stage of the proceeding. FRCP 12(h)(3); see Schwarzer, Tashima and Wagstaffe,  California Practice Guide, Civil Procedure Before Trial, sections 2:14-15 (The Rutter Group, 2003).

## CONCLUSION

On the basis of the facts and authorities cited herein, and in defendant's moving papers, defendant Christina Sanchez prays that her motion to dismiss the first amended complaint be granted, and that the first amended complaint be dismissed as to her.

DATED: February 12, 2008          CESARI, WERNER AND MORIARTY


BY:  _____/S/_____
                    STEPHEN L. DAHM
                    Attorneys for Defendant
                    **CHRISTINA SANCHEZ**

-3-
REPLY TO OPPOSITION TO AMENDED MOTION TO DISMISS FIRST AMENDED COMPLAINT