MOHAJERIAN INC
AL MOHAJERIAN, CSBN 182013
AARON G. CAPPS, CSBN 215803
A Professional Law Corporation
1925 Century Park East, Suite 350
Los Angeles, California 90067
Tel: (310) 556-3800/Fax: (310) 556-3817

FOR COURT USE ONLY

Attorney for Defendant Ronsin Photocopy, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California Corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>RONSIN PHOTOCOPY, a California Corporation; CHRISTINA SANCHEZ, an individual ; and DOES 1 through 10<br><br>Defendant(s). | CASE NO.: C075242<br><br>**REPLY TO OPPOSITION OF PLAINTIFF TO DEFENDANT RONSIN PHOTOCOPY, INC.'S MOTION TO DISMISS PURUSANT TO RULE 12(b)(1), RULE 12(b)(6) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE FOR CONVENIENCE (28 U.S.C. § 1404 (a))**<br><br>DATE: February 27, 2008<br>TIME: 9:00 a.m.<br>DEPT: 3 |

**Honorable Judge Phyllis J. Hamilton**

Defendant Ronsin Photopcopy, Inc. submits the following reply to Plaintiff Second Image, Inc.'s opposition to its Motion to Dismiss.

1. **PLAINTIFF HAS NOT MET THE REQUIRED ELEMENTS OF THE CFAA**

Plaintiff's opposition focuses on the fact that Plaintiff has made the conclusory allegation that it suffered losses and damages in excess of $5,000. However, as stated previously, Title 18, U.S.C. Section 1030 is a criminal statute. As such, it is narrowly construed, *Dowling v. United States,* 473 U.S. 207, 213 (1985). The CFAA is narrowly construed and the meaning of "loss" is defined by statute and therefore in order for there to be a cause of action under the CFAA loss as

defined by the CFAA must be alleged. Loss has consistently meant a cost of investigating or remedying damage to a computer, or a cost incurred because the computer's service was interrupted. *Nexans Wires S.A. v. Sark-USA, Inc.* 319 F.Supp.2d 468, 475 (S.D.N.Y.2004), *aff'd,* 166 Fed.App. 559 (2d Cir.2006).

Plaintiff's Complaint is devoid of any allegations regarding a loss as defined under the CFAA. Plaintiff's have made a conclusory allegation of a $5,000 loss. This does not meet the statutory requirements of the CFAA. In a Rule 12(b)(6) motion, the court need not accept as true conclusionary allegations or legal characterizations. Nor need it accept unreasonable inferences or unwarranted deductions of fact. *In re Delorean Motor Co.* (6h Cir. 1993) 991 F.2d 1236, 1240; *Transphase Systems, Inc. v. Southern Calif. Edison Co.* (CD CA 1993) 839 F.Supp. 711, 718.

Thus, Plaintiff has not, and cannot, properly plead an action based on the CFAA in this action, therefore this cause of action should be dismissed without leave to amend.

## 2. **PLAINTIFF HAS NOT MET THE REQUIRED ELEMENTS OF SECTION 43(A) OF THE LANHAM ACT, 15 U.S.C. SECTION 1125(a)**

Plaintiff does not address Defendant's contention that, according to face of the FAC, Plaintiff Second Image provides services exclusively in California. (FAC para.2) Thus, according to a allegations contained in the FAC, it would be impossible for Defendant Ronsin, which allegedly services clients throughout the United States, to influence the purchasing decision of potential customers of Plaintiff Second Image in interstate commerce (outside of California) as there are no interstate customers of Plaintiff Second Image.

Any alleged misconduct engaged in by Ronsin in connection with its "nationwide client base" could not possibly be a material deception as these customers would not be "potential customers" of Plaintiff Second Image. Ronsin cannot influence the purchasing decision of a potential Second Image client via interstate commerce because, according to the facts allegations

contained in the FAC, Plaintiff Second Image does not participate in interstate commerce.

Thus, Plaintiff has failed to meet the elements required under Section 43(a) of the Lanham Act, therefore this cause of action should be dismissed without leave to amend.

### 3. CONCLUSION

For the foregoing reasons, including the reasons listed in the Motion to Dismiss, this matter should be dismissed without leave to amend.

Date: February 12, 2008

MOHAJERIAN INC

By: _____
AL MOHAJERIAN
AARON G. CAPPS
Attorneys for Defendant RONSIN PHOTOCOPY, INC.