DENNIS F. MORIARTY        (BAR NO. 37612)
STEPHEN L. DAHM           (BAR NO. 114745)
CESARI, WERNER AND MORIARTY
360 Post Street, Fifth Floor
San Francisco, CA 94108-4908
Telephone:    (415) 391-1113
Facsimile:    (415) 391-4626
5055-3-10-15
Attorneys for Defendant,
CHRISTINA SANCHEZ

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California corporation<br><br>Plaintiff,<br><br>vs.<br><br>RONSIN PHOTOCOPY, INC., a California Corporation; CHRISTINA SANCHEZ, an individual; and DOES 1-10<br><br>Defendants. | Case No. C 07 5242 PJH<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| AND RELATED CROSS-CLAIMS. | |

Defendant CHRISTINA SANCHEZ ("Sanchez" or "Defendant") hereby answers the First Amended Complaint filed by Plaintiff SECOND IMAGE, INC. ("Second Image" or "Plaintiff") as follows:

***INTRODUCTION AND PARTIES***

1.   Answering paragraph 1 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

2.   Answering Paragraph 2 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and on that basis, denies each and every allegation therein.

3.  Answering Paragraph 3 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 3, and on that basis, denies each and every allegation therein.

4.  Answering Paragraph 4 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

5.  Answering Paragraph 5 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and on that basis, denies each and every allegation therein.

6.  Answering Paragraph 6 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

### *JURISDICTION AND VENUE*

7.  Answering Paragraph 7 of the First Amended Complaint, Defendant admits that Plaintiff purports to base jurisdiction on 18 U.S.C. § 1030, § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and supplemental jurisdiction under 28 U.S.C. § 1367. Defendant denies the remaining allegations in Paragraph 7.

8.  Answering Paragraph 8 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8, and on that basis, denies each and every allegation therein.

9.  Answering Paragraph 9 of the First Amended Complaint, Defendant admits to being a resident of the State of California. Defendant denies the remaining allegations in Paragraph 9.

10. Answering Paragraph 10 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and on that basis, denies each and every allegation therein.

### *INTRADISTRICT ASSIGNMENT*

11. Answering Paragraph 11 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations in Paragraph 11, and on that basis denies each and every allegation therein.

1

2                                  *GENERAL ALLEGATIONS*

3       12.    Answering Paragraph 12 of the First Amended Complaint, Defendant admits

4  Second Image is a professional photocopier which prepares and serves document subpoenas

5  and duplicates and distributes medical records. Except as expressly admitted, Defendant

6  lacks the knowledge or information sufficient to form a belief as to the remaining allegations

7  in Paragraph 12, and on that basis, denies each and every allegation therein.

8       13.    Answering Paragraph 13 of the First Amended Complaint, Defendant admits

9  that Second Image handles confidential documents, including subpoenaed medical records.

10  Except as expressly admitted, Defendant lacks the knowledge or information sufficient to

11  form a belief as to the remaining allegations in Paragraph 13, and on that basis, denies the

12  remaining allegations therein.

13       14.    Answering Paragraph 14 of the First Amended Complaint, Defendant admits

14  Plaintiff hosts a website which is accessible by entering a user name and password. Except as

15  expressly admitted, Defendant lacks the knowledge or information sufficient to form a belief

16  as to the remaining allegations in Paragraph 14, and on that basis, denies the remaining

17  allegations therein.

18       15.    Answering Paragraph 15 of the First Amended Complaint, Defendant lacks

19  the knowledge or information sufficient to form a belief as to the allegations in Paragraph 15,

20  and on that basis, denies each and every allegation contained therein.

21       16.    Answering Paragraph 16 of the First Amended Complaint, Defendant lacks

22  the knowledge or information sufficient to form a belief as to the remaining allegations in

23  Paragraph 16, and on that basis, denies each and every allegation therein.

24       17.    Answering Paragraph 17 of the First Amended Complaint, Defendant lacks

25  the knowledge or information sufficient to form a belief as to the allegations in Paragraph 17,

26  and on that basis, denies each and every allegation contained therein.

27       18.    Answering Paragraph 18 of the First Amended Complaint, Defendant admits

28  on or about January 19, 2005, a representative of Plaintiff signed up Defendant as a user of

ANSWER TO FIRST AMENDED COMPLAINT AND CROSS-CLAIMS

1  Plaintiff's services. Defendant admits receiving an email subsequent to the date she was
2  signed up as a user of Plaintiff's services. Except as expressly admitted, Defendant lacks the
3  knowledge or information sufficient to form a belief as to the remaining allegations in
4  Paragraph 18, and on that basis, denies the remaining allegations therein.

5      19.    Answering Paragraph 19 of the First Amended Complaint, Defendant lacks
6  the knowledge or information sufficient to form a belief as to the allegations in Paragraph 19,
7  and on that basis, denies each and every allegation therein.

8  <center>***DEFENDANTS' CONSPIRACY AND WRONGFUL ACTS***</center>

9      20.    Answering Paragraph 20 of the First Amended Complaint, Defendant denies
10 each and every allegation contained therein.

11     21.    Answering Paragraph 21 of the First Amended Complaint, Defendant denies
12 each and every allegation contained therein.

13     22.    Answering Paragraph 22 of the First Amended Complaint, Defendant denies
14 each and every allegation contained therein.

15     23.    Answering Paragraph 23 of the First Amended Complaint, Defendant denies
16 each and every allegation contained therein.

17 <center>***FIRST CAUSE OF ACTION***</center>
18 <center>*(Violation of the Computer Fraud and Abuse Act, 18 U.S.C. §1030)*</center>

19     24.    Defendant realleges and incorporates by reference, as though fully set forth
20 herein, the responses to the allegations made in Paragraphs 1 through 23 of the First
21 Amended Complaint.

22     25.    Answering Paragraph 25 of the First Amended Complaint, Defendant lacks
23 the knowledge or information sufficient to form a belief as to the allegations in Paragraph 25,
24 and on that basis, denies each and every allegation contained therein.

25     26.    Answering Paragraph 26 of the First Amended Complaint, Defendant denies
26 each and every allegation contained therein.

27     27.    Answering Paragraph 27 of the First Amended Complaint, Defendant denies
28 each and every allegation contained therein.

28. Answering Paragraph 28 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

29. Answering Paragraph 29 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## *SECOND CAUSE OF ACTION*

### *(Willful Misappropriation of Trade Secrets)*

30. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 29 of the First Amended Complaint.

31. Answering Paragraph 31 of the First Amended Complaint, Defendant lacks the knowledge or information sufficient to form a belief as to the allegations of Paragraph 31, and on that basis, denies each and every allegation contained therein.

32. Answering Paragraph 32 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

33. Answering Paragraph 33 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

35. Answering Paragraph 35 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

36. Answering Paragraph 36 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

37. Answering Paragraph 37 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

*(Federal Unfair Competition Comprising False and Misleading Statements of Fact Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))*

38. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 37 of the First Amended Complaint.

39. Answering Paragraph 39 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

40. Answering Paragraph 40 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

41. Answering Paragraph 41 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

42. Answering Paragraph 42 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

### FOURTH CAUSE OF ACTION

*(Intentional Interference With Contractual Relations)*

43. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 42 of the First Amended Complaint.

44. Answering Paragraph 44 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

45. Answering Paragraph 45 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

46. Answering Paragraph 46 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

47. Answering Paragraph 47 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## FIFTH CAUSE OF ACTION

### *(Intentional Interference With Prospective Economic Advantage)*

48. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 47 of the First Amended Complaint.

49. Answering Paragraph 49 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

50. Answering Paragraph 50 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

51. Answering Paragraph 51 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

52. Answering Paragraph 52 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## SIXTH CAUSE OF ACTION

### *(Defamation)*

53. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 52 of the First Amended Complaint.

54. Answering Paragraph 54 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

55. Answering Paragraph 55 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

56. Answering Paragraph 56 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

57. Answering Paragraph 57 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

58. Answering Paragraph 58 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

59. Answering Paragraph 59 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

60. Answering Paragraph 60 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

61. Answering Paragraph 61 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

62. Answering Paragraph 62 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

### *SEVENTH CAUSE OF ACTION*

*(Computer Fraud Under the Comprehensive Computer Data and Access Act, California Penal Code § 502(c))*

63. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 62 of the First Amended Complaint.

64. Answering Paragraph 64 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

65. Answering Paragraph 65 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

66. Answering Paragraph 66 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

67. Answering Paragraph 67 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

68. Answering Paragraph 68 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /

/ / /

## *EIGHTH CAUSE OF ACTION*

### *(Trespass to Chattels)*

69. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 68 of the First Amended Complaint.

70. Answering Paragraph 70 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

71. Answering Paragraph 71 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

72. Answering Paragraph 72 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## *NINTH CAUSE OF ACTION*

### *(Negligence)*

73. Defendant realleges and incorporates by reference, as though fully set forth herein, the responses to the allegations made in Paragraphs 1 through 72 of the First Amended Complaint.

74. Answering Paragraph 74 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

75. Answering Paragraph 75 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

76. Answering Paragraph 76 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

77. Answering Paragraph 77 of the First Amended Complaint, Defendant denies each and every allegation contained therein.

## *PRAYER*

Defendant further denies Plaintiff is entitled to the relief requested in the Prayer section of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

For her further and separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### *(Failure to State a Claim)*

78. Plaintiff's claims for relief and each and every one of its allegations, fail to state a claim upon which relief may be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### *(Estoppel)*

79. Plaintiff's claim for relief is barred, in whole or in part, by the equitable doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### *(Laches)*

80. Plaintiff unduly delayed in asserting its rights, and therefore its claim for relief is barred, in whole or in part, by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### *(Unclean Hands)*

81. Plaintiff's claim for relief is barred, in whole or in part, by the equitable doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE
### *(Fair Use)*

82. Defendant's use, if any, of Plaintiff's alleged trade secrets constituted fair use of the alleged trade secrets by Defendant or criticism, comment, news reporting, teaching, scholarship or research.

### SIXTH AFFIRMATIVE DEFENSE
### *(Invalid Unregistered Trademarks)*

83. Plaintiff's alleged unregistered trademarks are invalid because they are, or have become, generic, descriptive or deceptive.

## SEVENTH AFFIRMATIVE DEFENSE

### *(Concurrent Use)*

84. Plaintiff's alleged trademarks are merely descriptive, and Plaintiff has not established a secondary meaning for its alleged trademarks.

## EIGHTH AFFIRMATIVE DEFENSE

### *(Abandonment of Trademark)*

85. Defendant alleges Plaintiff abandoned any right it had to exclusive use of any trademarks alleged in the First Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

### *(Generic Trademarks)*

86. Defendant alleges the trademarks alleged by Plaintiff in the First Amended Complaint are generic and are in common use in the relevant trade or industry.

## TENTH AFFIRMATIVE DEFENSE

### *(Lack of Distinctiveness)*

87. Defendant alleges Plaintiff's alleged trademarks are invalid because they lack distinctiveness.

## ELEVENTH AFFIRMATIVE DEFENSE

### *(Act Committed by a Person Within the Scope of His or Her Lawful Employment)*

88. The acts alleged by the Plaintiff were committed by Defendant within the scope of Defendant's lawful employment, in that Defendant was performing acts which were reasonably necessary to the performance of her work assignment.

## TWELFTH AFFIRMATIVE DEFENSE

### *(Statutes of Limitation)*

89. The First Amended Complaint, and each and every cause of action and part thereof is barred by each applicable statute of limitations, including, but not limited to 18 U.S.C. § 1030(g); California Civil Code § 3426.6; California Code of Civil Procedure § 338(a); California Code of Civil Procedure § 339; California Code of Civil Procedure § 340;

California Penal Code § 502(e)(5); California Code of Civil Procedure § 338(c); California Code of Civil Procedure § 340(c); and California Code of Civil Procedure § 343.

### THIRTEENTH AFFIRMATIVE DEFENSE
### *(Failure to Mitigate Damages)*

90. Plaintiff's claim for relief is barred, in whole or in part, because Plaintiff has failed to mitigate its damages.

### FOURTEENTH AFFIRMATIVE DEFENSE
### *(Contributory Negligence)*

91. Plaintiff's claim for relief is barred, in whole or in part, because Plaintiff was itself negligent or in some fashion responsible for its alleged injuries and damages, and Defendant is entitled to have the amount of her liability, if any, eliminated or reduced by the amount of Plaintiff's fault and liability for its injuries and damages.

### FIFTEENTH AFFIRMATIVE DEFENSE
### *(Constitutional Defenses Against Punitive Damages)*

92. Plaintiff's claim for punitive or exemplary damages violates Defendant's right to protection from excessive fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California and violates Defendant's due process and equal protection rights provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California. The claim for punitive damages also constitutes cruel and unusual punishment against Defendant under the United States Constitution and the Constitution of the State of California. The claim for punitive damages does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in *BMW vs. Gore*, 517 U.S. 559 (1996) and *State Farm Insurance Company vs. Campbell*, 538 U.S. 408 (2003) and any and all other applicable cases.

/ / /
/ / /
/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE
### *(Privilege as to Statements Made by Defendant)*

93. Defendant alleges any statements made by Defendant regarding Plaintiff were privileged.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### *(Constitutionally Protected Speech)*

94. Defendant alleges any statements she made regarding Plaintiff were constitutionally protected free speech or conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### *(Truth of Allegedly Defamatory Statements)*

95. Defendant alleges any allegedly defamatory statements she made regarding the Plaintiff were true.

### NINTEENTH AFFIRMATIVE DEFENSE
### *(Consent to Statements)*

96. Defendant alleges Plaintiff consented to any allegedly defamatory statements made by Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE
### *(Privileged Publications or Broadcasts)*

97. Defendant alleges that any allegedly defamatory statements were privileged under California Civil Code § 47(c).

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### *(Constitutionally Protected Speech or Conduct)*

98. Defendant alleges any allegedly defamatory statements were constitutionally protected speech or conduct.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### *(Privilege as to Alleged Interference With Contractual and Economic Relations)*

99. Defendant alleges that any statements made or action done by defendant which might have interfered with Plaintiff's contractual or economic relations were

privileged as competition, responsibility for the welfare of another, inducement to influence another's business policy, giving information or advice, or asserting a bona fide claim.

### *DEFENDANT'S CROSS-CLAIMS FOR AFFIRMATIVE RELIEF*

1. Defendant incorporates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

2. There is an actual and justiciable controversy between Cross-Claimant Christina Sanchez and Cross-Defendant Ronsin Photocopy, Inc. with respect to cross-claimant's right to indemnity and contribution from cross-defendant.

3. Jurisdiction over the subject matter of the controversy and personal jurisdiction over the cross-defendant are co-extensive with the Complaint.

### *FIRST CROSS-CLAIM FOR AFFIRMATIVE RELIEF*
### *(Indemnification)*

4. Cross-claimant incorporates by reference Paragraphs 1 through 3 above in their entirety.

5. The principal action alleges, among other things, conduct allegedly entitling Plaintiff to damages against cross-claimant. Cross-claimant contends she is not liable for the events and occurrences described in the First Amended Complaint.

6. If cross-claimant is found in some manner responsible to Plaintiff, or to anyone else as a result of the incidents and occurrences described in the First Amended Complaint, her liability would be based solely upon a derivative form of liability not resulting from her conduct, but only from an obligation imposed upon her by law. Therefore, cross-claimant would be entitled to complete indemnity from cross-defendant.

### *SECOND CROSS-CLAIM FOR AFFIRMATIVE RELIEF*
### *(Apportionment of Fault)*

7. Cross-defendant is responsible, in whole or in part, for the injuries and damages, if any, suffered by Plaintiff.

/ / /

/ / /

8. If cross-claimant is judged liable to Plaintiff, cross-defendant should be required to pay a share of Plaintiff's judgment which is in proportion to the comparative fault of cross-defendant in causing Plaintiff's damages.

9. If cross-claimant is judged liable to Plaintiff, then cross-defendant should be required to reimburse cross-claimant for any payments she makes to Plaintiff in excess of cross-claimant's proportional share of fault.

Wherefore, Defendant and cross-claimant Christina Sanchez prays for judgment as follows:

1. That Plaintiff take nothing by its First Amended Complaint and that its First Amended Complaint be dismissed with prejudice;

2. That the Court deny any and all of Plaintiff's requests for injunctive relief;

3. That he Court deny any and all of Plaintiff's requests for equitable relief;

4. That judgment be entered in favor of cross-claimant on her cross-claim for indemnification against cross-defendant;

5. That judgment be entered in favor of cross-claimant on her claim for apportionment of fault against cross-defendant;

6. That Christina Sanchez be awarded her costs and attorney's fees against Plaintiff Second Image, Inc.;

7. That Christina Sanchez, as cross-claimant, be awarded her costs and attorney's fees against cross-defendant Ronsin Photocopy, Inc.; and

8. That Christina Sanchez be awarded such other and further relief as this Court may deem just and proper.

DATED: March 11, 2008            CESARI, WERNER AND MORIARTY

By: _____/S/_____
STEPHEN L. DAHM
Attorneys for Defendant and Cross-Claimant
CHRISTINA SANCHEZ