SEDGWICK, DETERT, MORAN & ARNOLD LLP
JAMES J. S. HOLMES Bar No. 126779
AMBER RYE BRUMFIEL Bar No. 215181
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendant and Cross-defendant
RONSIN PHOTOCOPY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECOND IMAGE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RONSIN PHOTOCOPY, INC., a California corporation; CHRISTINA SANCHEZ, an individual; AND DOES 1-10,<br><br>Defendants. | CASE NO. C-07-05242-PJH<br><br>**DEFENDANT RONSIN PHOTOCOPY, INC.'S ANSWER TO CHRISTINA SANCHEZ'S CROSS-CLAIM** |

Defendant and cross-defendant Ronsin Photocopy, Inc. ("Ronsin") hereby answers the Cross-Claim of cross-defendant and cross-claimant Christina Sanchez ("Sanchez"):

1. Ronsin is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Cross-Claim and on that basis denies such allegations.

2. Ronsin denies the allegations contained in Paragraph 2 of the Cross-Claim.

3. Ronsin admits that the First Amended Complaint speaks for itself and Ronsin restates and incorporates by reference its Answer to the First Amended Complaint on file herein. Except as expressly admitted, Ronsin denies the allegations in Paragraph 3 of the Cross-Claim.

4. Ronsin incorporates by reference its response to Paragraphs 1 through 3 of the Cross-Claim.

5.  Ronsin admits that the First Amended Complaint speaks for itself and Ronsin restates and incorporates by reference its Answer to the First Amended Complaint on file herein. Ronsin is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Cross-Claim and on that basis denies such allegations.

6.  Ronsin denies the allegations contained in Paragraph 6 of the Cross-Claim.

7.  Ronsin denies the allegations contained in Paragraph 7 of the Cross-Claim.

8.  Ronsin denies the allegations contained in Paragraph 8 of the Cross-Claim.

9.  Ronsin denies the allegations contained in Paragraph 9 of the Cross-Claim.

PRAYER FOR RELIEF

1.  In answer to the prayer for relief, Paragraph 1, Ronsin admits that Plaintiff should take nothing by its First Amended Complaint and that its First Amended Complaint should be dismissed with prejudice.

2.  In answer to the prayer for relief, Paragraph 2, Ronsin admits that the Court should deny any and all of Plaintiff's requests for injunctive relief.

3.  In answer to the prayer for relief, Paragraph 3, Ronsin admits that the Court should deny any and all of Plaintiff's requests for equitable relief.

4.  In answer to the prayer for relief, Paragraph 4, Ronsin denies that cross-claimant is entitled to such relief.

5.  In answer to the prayer for relief, Paragraph 5, Ronsin denies that cross-claimant is entitled to such relief.

6.  In answer to the prayer for relief, Paragraph 6, Ronsin denies that cross-claimant is entitled to such relief.

7.  In answer to the prayer for relief, Paragraph 7, Ronsin denies that cross-claimant is entitled to such relief.

8.  In answer to the prayer for relief, Paragraph 8, Ronsin denies that cross-claimant is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Cross-Claim does not state facts sufficient to constitute a viable claim for relief against Ronsin.

### SECOND AFFIRMATIVE DEFENSE

The Cross-Claim does not state facts sufficient to constitute a valid claim for attorneys' fees.

### THIRD AFFIRMATIVE DEFENSE

Cross-claimant is not possessed of the right to make a claim against Ronsin for indemnity.

### FOURTH AFFIRMATIVE DEFENSE

The claims, if any, set forth in the Cross-Claim herein are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

The claims, if any, set forth in the Cross-Claim herein are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The claims, if any, set forth in the Cross-Claim herein are barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The claims, if any, set forth in the Cross-Claim herein are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Cross-claimant failed to act reasonably to minimize or mitigate the injuries alleged in the Cross-Claim.

### NINTH AFFIRMATIVE DEFENSE

The damages, if any there were, for which cross-claimant seeks indemnity set forth in the Cross-Claim were caused and contributed to by the cross-claimant's own assumption of the risk.

## TENTH AFFIRMATIVE DEFENSE

Cross-claimant was at fault or negligent in and about the matters referred to in the Cross-Claim, and such fault or negligence bars and/or diminishes cross-claimant's recovery against Ronsin.

## ELEVENTH AFFIRMATIVE DEFENSE

Cross-claimant failed to set out her claims with sufficient particularity to permit Ronsin to raise all appropriate defenses and, thus, Ronsin reserves its rights to add additional defenses as a factual basis for these claims becomes known.

WHEREFORE, Ronsin prays that:

(a) Sanchez takes nothing by way of the Cross-Claim;

(b) For statutory costs; and

(c) For such other and further relief as the Court deems just.

DATED: April 1, 2008            SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: /Sgd/
AMBER RYE BRUMFIEL
Attorneys for Defendant and Cross-defendant
RONSIN PHOTOCOPY, INC.

*Second Image, Inc. v. Ronsin Photocopy, et al.*
USDC, Northern District Court of California, Case No. C-07-05242-PJH

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On April 1, 2008, I served the within document(s):

**DEFENDANT RONSIN PHOTOCOPY, INC.'S ANSWER TO CHRISTINA SANCHEZ'S CROSS-CLAIM**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

| | |
|---|---|
| Karl S. Kronenberger, Esq.<br>Henry M. Burgoyne, III, Esq.<br>Deepa Krishnan, Esq.<br>Kronenberger Burgoyne, LLP<br>150 Post Street, Suite 520<br>San Francisco, CA 94108<br>Telephone: (415) 955-1155<br>Facsimile: (415) 955-1158 | Attorneys For Plaintiff |
| Dennis F. Moriarty, Esq.<br>Stephen L. Dahmm Esq.<br>Cesari Werner and Moriarty<br>360 Post Street, 5th Floor<br>San Francisco, CA 94108<br>Telephone: (415) 391-1113<br>Facsimile: (415) 391-4626 | Attorneys for Defendant Christina Sanchez |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 1, 2008, at San Francisco, California.

/Sgd/
Ramonette G. Mendoza

SF/1492740v1